HARRY S. DUBE, Appellant, *v.* BERNICE DUBE, Respondent.

First Department, November 7, 1930.

*Henry E. Coleman,* for the appellant.

*Edward J. Clarke* of counsel [*O'Brien, Malevinsky & Driscoll,* attorneys], for the respondent.

MARTIN, J. The defendant, respondent, was sued for a separation by her husband, and in that action she counterclaimed for

similar relief. The trial resulted in the dismissal of the husband's complaint and a judgment for the defendant granting a separation and the relief prayed for in her counterclaim.

The decree entered thereunder dated September 27, 1927, provided that during the joint lives of the plaintiff and defendant the plaintiff should pay to the defendant the sum of twelve dollars and fifty cents weekly for the support and maintenance of herself and child. It is alleged in the motion papers that the husband has never paid any alimony pursuant to that decree.

After the decree of separation was entered in the State of New York, the defendant wife returned to her home in Ohio and there obtained a divorce from her husband in that jurisdiction. She has since remarried and is now living in the State of Ohio.

The Ohio action for divorce was not contested by the plaintiff, appellant, and the judgment made no provision for the maintenance of either the wife or child of the parties. The respondent has moved to punish the appellant for contempt for failure to pay the sums awarded under the New York decree. Several other motions for similar relief have been denied because the decree was not served on the plaintiff.

The decree was finally served on November 9, 1928, and it is because the plaintiff failed to pay the alimony that accrued since that time that the defendant seeks to punish him for contempt.

Although the plaintiff has evidently at all times refused to obey the provision of the judgment directing him to pay the alimony for the support of his wife and child, he has escaped punishment for contempt on both occasions because he was able to convince the court that the judgment had not been served upon him. That issue was contested and disposed of after a hearing before an official referee.

He has now submitted several objections to this motion to punish him for contempt for the failure to pay alimony accruing since the decree was served. The court gave him an opportunity to apply for a modification of the decree but he evidently does not desire a modification knowing that in any event he will probably be compelled to support his child.

If the facts alleged by him are correct his remedy was to seek a modification. (*Harris* v. *Harris*, 197 App. Div. 646; *Gibson* v. *Gibson*, 81 Misc. 508.) The plaintiff has thus far been able to avoid payment of all alimony for either his wife or child. He should be compelled to support his child. (*Laumeier* v. *Laumeier*, 237 N. Y. 357.) The court at Special Term pointed out the course for plaintiff to follow if he wished to avoid further liability to support his wife under this decree. (*Gibson* v. *Gibson, supra.*)

Having failed to avail himself of that remedy he should be punished for contempt.

The order should be modified to the extent of returning the matter to the Special Term so that it may ascertain what amount is due and enter an order punishing the plaintiff for contempt, and as so modified affirmed.

DOWLING, P. J., FINCH, MCAVOY and O'MALLEY, JJ., concur.

Order modified to the extent of returning the matter to the Special Term so that it may ascertain what amount is due and enter an order punishing the plaintiff for contempt, and as so modified affirmed.