BELLA SCHEINWALD, Appellant, v. REUBEN SCHEINWALD, Respondent.— Order denying motion to punish defendant for contempt reversed upon the law and the facts, without costs, and motion granted, without costs, to the extent of adjudging respondent in contempt of court for failing to pay alimony, amounting to $1,945, that accrued under the decree of March 22, 1928, between that date and July 5, 1929. Defendant may purge himself of his offense by paying to plaintiff five dollars a week, the first of such weekly payments to be made within ten days from service of a copy of the order herein, and continuing such payments regularly until the entire sum of $1,945 shall have been paid; this to be in addition to the payment of twenty dollars a week that he is now making to plaintiff under the Nevada decree and the order of the Domestic Relations Court, and also in addition to the payment of twenty-five dollars a week that he is now making under the order adjudging him in contempt of court for failing to pay temporary alimony which accrued prior to plaintiff's separation decree of March 22, 1928. We are of opinion that the decree of absolute divorce granted to respondent in the State of Nevada on July 5, 1929, in which action appellant personally appeared and interposed an answer, is binding upon her in this State, that from the date thereof it terminated her rights under the separation decree of March 22, 1928, and that appellant is entitled to no alimony under said decree subsequently to its date, namely, July 5, 1929. Lazansky, P. J., Rich, Young, Hagarty and Tompkins, JJ., concur. Settle order on notice.

JOHN H. SINGER, Respondent, v. WESTCHESTER SERVICE CORPORATION, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Scudder, JJ.

LOUIS WEINBERG, Individually and as Receiver, etc., and JOSEPH LOEB, Appellants, v. LINA ASKINAS and Others, Defendants. ISRAEL NEEDLEMAN, Respondent. — " Judgment and order " directing judgment in the sum of $829.39 modified by striking out the sum of $350, awarded as an extra allowance, and the sum of $167.38, awarded as a recovery by the respondent against the appellants. The remainder of said so-called judgment and order is further modified by striking out the appellants as individuals against whom any recovery may be had, and by providing that the recovery of costs amounting to $312 against appellant Weinberg, as receiver, constitutes the extent of the recovery for which a judgment may enter. As so modified said order and judgment are unanimously affirmed, without costs. Appeal from order denying motion to resettle order is dismissed, without costs, because not necessary in view of the disposition made of the appeal from the so-called judgment and order. We are of opinion that the limitations of the reference did not empower the entry of an affirmative judgment in favor of the respondent, that the extra allowance was unwarranted in this special proceeding, and that the remainder of the recovery, as to which complaint only is made in so far as it sought to hold the appellants individually therefor, was improper in the absence of proof of bad faith in the commencement of the proceeding by the receiver, of which there is no evidence nor any report to that effect by the official referee. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Scudder, JJ.