LILLIAN GOLDBERG, Respondent, *v.* MAURICE GOLDBERG, Appellant.

First Department, July 15, 1932.

*Charles G. F. Wahle,* for the appellant.

*Benjamin H. Berman* of counsel [*Kaufman & Weitzner,* attorneys], for the respondent.

MARTIN, J. The order appealed from adjudged the defendant, appellant, in contempt of court for failure to pay alimony at the rate of sixty dollars per week as directed in the final judgment of absolute divorce, dated April 29, 1927, entered in the Supreme Court, New York county, and imposed a fine for arrears amounting to the sum of $425, but permitted the appellant to purge himself of that contempt by paying the amount of the fine in installments with the alimony as it becomes due. The order appealed from also directed that in the event of default of such payments the defendant was to be committed on an *ex parte* application.

The judgment of absolute divorce which was interlocutory in nature, incorporated, by consent of the parties, an agreement made between them pending the trial of the action by which the appellant was to pay sixty dollars per week for respondent's support and that of two children, issue of their marriage, *during their minority.* The order appealed from provided as follows:

" Further Ordered, that the defendant be and he hereby is guilty of a contempt of this Court for having wilfully disobeyed the judgment entered herein on August 29, 1927, in that the defendant has neglected and refused to pay the sum of Four hundred and twenty-five ($425.00) Dollars to the plaintiff as alimony for the period from February 20, 1932, to April 13, 1932, and that said misconduct of said defendant was calculated to and actually did defeat, impair, impede, prejudice and delay the rights and remedies of the plaintiff to her actual loss and injury in the sum of Four hundred and twenty-five ($425.00) Dollars; and it is

" Further Ordered, that the defendant for his said misconduct be and he hereby is fined the sum of Four hundred and twenty-five ($425.00) Dollars, to be paid to the plaintiff; and it is

" Further Ordered, that the defendant may purge himself of the contempt by paying said fine of Four hundred and twenty-five ($425.00) Dollars at the rate of Ten ($10.00) Dollars per week, in addition to the payments of current alimony as they become due, the first payment to be made by the defendant on May 23rd, 1932; and to continue weekly thereafter until the arrears are liquidated; it is further

" Ordered, that in the event of the failure of said defendant to make the payments as hereinabove directed, upon proof by affidavit of such failure an order may be obtained *ex parte,* committing him to jail until such time as he shall pay the amount of said fine or

any portion thereof remaining unpaid, or be discharged according to law."

It is undisputed that between February 20, 1932, and the making of the motion, appellant had failed to pay respondent the sum of sixty dollars per week, the respondent asserting that since that date she received the sum of but fifty-five dollars, whereas the appellant contends that he paid her ninety-five dollars. It was shown that from February 21, 1927, the date of the agreement which was subsequently embodied in the judgment of divorce, down to February 20, 1932, the appellant, with the exception of the lapsed payments which are the basis for this motion, has faithfully complied with the judgment of the Supreme Court, first in the separation action and then in the superseding divorce action and paid respondent for a period of about 260 weeks at the rate of sixty dollars per week, or a total of approximately $15,000. None of these payments is disputed. It is further admitted that when the parties lived together the appellant gave respondent a house valued at $14,000 which at that time had an equity of $9,500, and which plaintiff subsequently sold, taking back a purchase-money mortgage of $4,500 as part consideration.

The judgment did not provide for the payment of sixty dollars per week for the remainder of the plaintiff's life. It provided for the payment of sixty dollars per week during the minority of the children. One child, a son, was twenty-one years old on March 27, 1931, and is a student at a medical college in Hamburg, Germany. The other child, a daughter, is nineteen years of age, and is a student at a business school. When the defendant established the fact that one of the children had reached his majority and on showing that his income was not greater than it had been when the judgment was entered, he was entitled to a modification of the judgment.

The appellant contends that he has most generously contributed toward the support of his wife and two children; that he is now suffering from heart trouble, and is not able to provide for them as he has during the last few years. He has shown his good faith by promptly paying alimony for several years.

There appears to be a large degree of discretion lodged in the court in the matter of punishing a debtor for contempt. It is a remedy which should be used only in a clear case and its application depends upon the facts in each particular case. (*Brill* v. *Brill*, 148 App. Div. 63; *Fischer* v. *Raab*, 81 N. Y. 235.) Here the decree provided for payment of the sum set forth in the decree only during the minority of the children. The appellant is, therefore, being punished for non-payment of alimony which in part at least it was never intended he should be required to pay. While it is

true that he should have obtained a modification of the decree, nevertheless, in such a case, we should make a practical and not a narrow or technical application of the remedy given for a failure to obey a decree.

This order should be reversed with the privilege of renewing the motion after the appellant has made a new application for a modification of the judgment. The real conditions may then be given consideration in arriving at the amount which the appellant should pay. Thereafter, upon the failure to pay, the motion may be renewed and if advisable the appellant may then be punished. His attitude in the past would indicate that it will not be necessary to resort to any such remedy.

The order should be reversed and the matter remitted to Special Term for a rehearing.

MERRELL and McAVOY, JJ., concur; TOWNLEY, J., and FINCH, P. J., dissent.

TOWNLEY, J. (dissenting). Under a judgment of absolute divorce dated April 29, 1927, it was ordered " that the defendant continue to pay to the plaintiff for her support and for the support of the children of the parties hereto during their minority, the sum of Sixty ($60) Dollars per week, * * * and that defendant give an undertaking with three sureties in the sum of Two Thousand five hundred ($2,500) Dollars, conditioned upon his compliance with the judgment entered herein * * * and that the interlocutory and final judgments in this action contain a provision that neither party will, until the expiration of three years after the entry of final judgment herein, apply to the Court for a modification of the provisions herein made for the support of plaintiff and/or the children of the parties hereto, excepting that if plaintiff remarry within said period of three years, defendant, if he so desires, may move for a modification of the provisions of the interlocutory and final judgments to be entered herein, regulating the provisions for the support of plaintiff and the children of plaintiff and defendant."

The above provision in the judgment was based on a contract entered into between the parties February 21, 1927, which provided as follows:

" (a) The said Maurice Goldberg agrees to continue to pay to the party of the first part, Lillian Goldberg, for her support and for the support of the children of the parties hereto during their minority, the sum of Sixty ($60) Dollars per week, on Saturday of each week at her residence, precisely as if the provisions of the judgment for a separation, heretofore herein mentioned, had been

incorporated in an order for temporary alimony in the action for divorce."

One of the two children of the marriage became of age March 27, 1931. On May 9, 1931, an application was made by the defendant to modify the judgment by reducing the amount of alimony which he was required to pay. Owing to certain unavoidable delays, the hearing on the application to reduce the amount of alimony was not set down until April 25, 1932. In the meantime, after February 20, 1932, the defendant complied only to a small degree with the existing order and is substantially in default. A motion was then made by the plaintiff to vacate the order of reference on the ground that defendant was in default under the judgment. Defendant defaulted on this motion and the order of reference was vacated.

Defendant claims that by the words of the decree the obligation to pay alimony at the rate fixed continued only during the minority of the children, and that upon the eldest son becoming of age the duty to pay in accordance with the direction contained in the decree terminated. The language of this decree, however, does not lend itself to any such construction. The provision is the normal one directing absolutely the payment of sixty dollars a week to the wife with a statement that such payments are for her support and that of the infant children during their minority. While it is undoubtedly true that the change in circumstances resulting from one of the children becoming of age would justify the court in modifying the provision contained in the decree, until such modification is made the obligation to pay continues. Defendant's contention would invite imposing on the plaintiff the duty of applying to the court for a modification and reduction of the provisions in her favor. No such duty exists. The decree contains no provision by which the duty to pay alimony automatically terminates upon any of the children becoming of age. The fact that the provisions of the decree under consideration were based upon an agreement between the parties does not lessen the binding force of the direction contained therein. (*Levy* v. *Levy*, 149 App. Div. 561; *Kunker* v. *Kunker*, 230 App. Div. 641.) The contract itself expressly stipulated that the payments were to be treated as if the amount fixed by this court on the modification of the order in the prior separation action had been continued and incorporated in the decree for absolute divorce.

In *Dube* v. *Dube* (230 App. Div. 494) the decree in a separation suit entered in favor of the wife provided for the payment of " the sum of twelve dollars and fifty cents weekly for the support and maintenance of herself and child." After the entry of the decree

the wife obtained a divorce in Ohio and remarried. She thereafter moved to punish the husband for contempt for failure to pay the amount awarded under the New York decree. This motion was granted. On appeal this court, by MARTIN, J., said: " If the facts alleged by him are correct his remedy was to seek a modification. (*Harris* v. *Harris*, 197 App. Div. 646; *Gibson* v. *Gibson*, 81 Misc. 508.) The plaintiff has thus far been able to avoid payment of all alimony for either his wife or child. He should be compelled to support his child. (*Laumeier* v. *Laumeier*, 237 N. Y. 357.) The court at Special Term pointed out the course for plaintiff to follow if he wished to avoid further liability to support his wife under this decree. (*Gibson* v. *Gibson, supra.*) Having failed to avail himself of that remedy he should be punished for contempt."

In this case, as in the *Dube* case above referred to, the defendant has been given an opportunity to apply for a modification of the decree but defaulted on a motion to vacate the order of reference.

Under the circumstances, the court at Special Term was clearly right in adjudging him in contempt, and the order appealed from should be affirmed, with ten dollars costs and disbursements, without prejudice, however, to a renewal by the defendant of his application for a modification of the decree.

FINCH, P. J., concurs.

Order reversed and the matter remitted to the Special Term for a rehearing. Settle order on notice.