Ida S. Schoen, Plaintiff, *v.* George H. Schoen, Defendant.

Supreme Court, Special Term, Kings County, February 29, 1944.

*Joseph B. Handy* for defendant.

*Robert J. Sykes* for plaintiff.

Colden, J. Motion by defendant for an order to vacate and set aside the final judgment of separation in favor of the plaintiff entered April 24, 1942, to vacate and set aside the decision of the court, and to vacate and set aside an order made herein by Mr. Justice Norton on July 9, 1942, punishing the defendant for a contempt of this court for failure to pay alimony as directed by the final judgment of separation, and, also, for an order adjudging and decreeing that George H.

Schoen was duly and legally divorced and freed from the plaintiff in the Court of Common Pleas, in the State of Ohio, on the 14th day of August, 1942.

The plaintiff brought her separation action against the defendant in Richmond County. The defendant appeared, answered and interposed a counterclaim for an affirmative judgment of a separation in his favor. The issues were tried and a judgment was rendered on April 24, 1942, in favor of the plaintiff granting her a separation from the defendant, custody of the child of the parties, alimony of $20 per week, and dismissing the counterclaim of the defendant on the merits.

Thereafter, on June 22, 1942, the defendant herein brought an action for a divorce against the plaintiff herein in the Court of Common Pleas, Summit County, Ohio. It is claimed by plaintiff herein and not denied by defendant herein that the alleged facts purporting to constitute the alleged cause of action in the divorce action in Ohio are the same as those set forth in the counterclaim of the defendant which was dismissed on the merits in the separation action prior to the commencement of the divorce action in Ohio. Process in the divorce action was served on the plaintiff herein by publication. Plaintiff herein did not appear or answer in the divorce action in Ohio and a final judgment of divorce was granted by default to the defendant herein, dissolving the marriage contract, awarding custody of the child of the parties to the defendant herein, and barring the plaintiff herein from all rights in the property of the defendant herein.

The defendant herein has made no payments of alimony and is in arrears since February 10, 1942, to the present time, which arrears now exceed $2,100.

The defendant herein asserts that, inasmuch as he subjected himself to the jurisdiction of the courts of the State of Ohio, under the determination of the United States Supreme Court in *Williams* v. *North Carolina* (317 U. S. 287), he is entitled as a matter of right, by the mere making of motion, to obtain an order from this court which will determine that a default judgment obtained in the State of Ohio is of such superior authority that the well-considered prior judgment rendered in the Supreme Court of the State of New York on the same subject matter between the same parties, of which the court had actual jurisdiction, must be vacated and set aside. In short, this court is asked to give full faith and credit to a default judgment of a sister State, and to vacate, void and set aside its own admittedly valid prior judgment on precisely

the same cause of action. In *Williams* v. *North Carolina* (*supra*) Mr. Justice FRANKFURTER, in his concurring opinion, said: " * * * it is clearly settled that if a judgment is binding in the state where it was rendered, it is equally binding in every other state." The judgment obtained by plaintiff herein against the defendant herein on April 24, 1942, was and is binding in the State of New York, and consequently is binding in the State of Ohio. The attempt of the defendant herein to have the courts of Ohio overrule a binding judgment in the State of New York merely indicates the amount of legal territory that is sought to be embraced by those who find the decision in *Williams* v. *North Carolina* (*supra*) a panacea for all the ills and perplexities of matrimonial litigation.

The only means by which a prior decree may be vacated in this State is the procedure indicated under section 1165 of the Civil Practice Act. (See this court's decision in *Hoffman* v. *Hoffman*, N. Y. L. J. July 31, 1943, p. 220, col. 2 and cases there cited.)

Aside from procedural defects, the application must be denied for the reason that the matrimonial *res* was and is in the State of New York as a result of the judgment which the plaintiff herein obtained against the defendant herein. In *Gibson* v. *Gibson, Appeal No. 2* (266 App. Div. 975) the court said: " The wife having prevailed in the separation action because of the husband's fault, the matrimonial *res* remained with the wife in New York and the wrongdoer is disabled from moving the *res* out of New York so as to give jurisdiction thereof in any other State, in the absence of an appearance by the wife." In the instant case the plaintiff wife did not appear in the Ohio divorce action, and inasmuch as the matrimonial *res* is in New York the courts of Ohio never obtained jurisdiction of the subject matter of the action or of the plaintiff herein. The motion is denied with $10 costs. Submit order on notice.