Order adjudging appellant guilty of contempt for nonpayment of alimony as directed by a decree of separation entered November 26, 1932, for the period from September 19, 1942, to November 5, 1949, in the amount of $5,580, and fining appellant in that amount, reversed on the law and the facts, without costs, and the motion to punish for contempt denied, without costs. In our opinion this record does not establish that the action for divorce, instituted by respondent in the State of Florida, in which the appellant appeared and in which a decree of divorce in respondent’s favor was entered on April 4, 1940, was induced by fraud, coercion or duress on appellant’s part. That decree terminated the marital relation of the parties and appellant’s obligation for maintenance and support. (Scheinwald v. Scheinwald, 231 App. Div. 757.) It being conceded that appellant fully complied with the provisions of the separation decree until the entry of the final decree in the wife’s action for divorce in Florida, no default upon appellant’s part is shown. (Scheinwald v. Scheinwald, supra.) The Florida decree in respondent’s action in that State, finding that a settlement agreement between the parties in lieu of all support had been made, is binding upon respondent. (Schacht v. Schacht, 295 N. Y. 439, 442; Señor v. Señor, 272 App. Div. 306, affd. 297 N. Y. 800.) Johnston, Acting P. J., Adel, Sneed, Wenzel and MaeCrate, JJ., concur.