LILLIAN SACKNOFF, Plaintiff, *v.* SAMUEL SACKNOFF, Defendant.

Supreme Court, Special Term, Bronx County, August 22, 1952.

*Wechsler & Solodar* for plaintiff.

*Edward I. Byer* for defendant.

FRANK, J. This plaintiff was awarded a final judgment of separation from the defendant on July 5, 1945. This judgment was affirmed upon appeal. It provided for alimony payments for the plaintiff and the two children of this marriage.

Thereafter the defendant husband procured a divorce decree in Mexico. The plaintiff did not submit to the jurisdiction of the tribunals of that country nor was there any jurisdiction obtained over her in personam.

In 1949, subsequent to the plaintiff's separation judgment and defendant's Mexican decree, the plaintiff commenced an action, in Kings County of this State, for an absolute divorce against this defendant. This proceeding resulted in a final decree in her favor thus terminating the marital status of the parties. No provision was made in the decree or judgment for alimony. The plaintiff explains the absence of such provision in the divorce proceedings, " because in the within action for separation * * * alimony was provided * * * for deponent and her two children."

The plaintiff now seeks, by motion in this separation action, to adjudicate the defendant in contempt for his failure to make the payments ordered in the separation judgment.

From the papers submitted on this motion by both sides there appears to be no question of the jurisdiction of this court over the person of either of the parties in the divorce action. It is thus assumed that this court had and still retains jurisdiction of both plaintiff and defendant both because of domicile and personal submission thereto.

From this, it is apparent that these litigants are in a position different from so many of those whose status is put in question by foreign decrees and wherein the question of jurisdiction has created so many vexing problems and given rise to a multiplicity of matrimonial proceedings. From these perplexing problems there has evolved the doctrine of " divisible divorce ". (See *Estin* v. *Estin,* 296 N. Y. 308, affd. 334 U. S. 541, and *Krieger* v. *Krieger,* 297 N. Y. 530, affd. 334 U. S. 555.) The plaintiff attempts here to apply this doctrine to the two judgments granted her in this State and thus extend this concept beyond its present limitations.

The defendant resists this application for the reason, amongst others, " that the court has no jurisdiction * * * on the ground that said judgment of separation is no longer in force ".

The plaintiff, in both the separation and the divorce actions, was adjudged without fault and entitled to the relief sought. She had the right to seek support for herself and the children of this marriage in the divorce proceedings.

When this plaintiff successfully sought and obtained a judgment of absolute divorce terminating the marital bond thereto-

fore existing between her and the defendant, she, by her own act, established her position absolutely and irrevocably as released from whatever restrictions as against her continued in force both because of her marital status and by virtue of the separation decree. She has the right to remarry. She has the status of a *femme sole*, except for the possible effect of those matters which survive the divorce decree pursuant to the applicable statutory provisions. Having elected to change her status and thus nullify the decree of separation, can the plaintiff still claim the benefits, including alimony thereunder. We hold she may not. Nor do we believe that the concept of "divisible divorce" now recognized and familiar law in this State is here involved.

Provision for alimony in a separation action proceeds upon a different theory than an award of alimony in an action for absolute divorce. In the former, there is the recognition of the obligation of the husband to support his spouse in the continuing marital status. In the latter, it is a substitute for the rights of the innocent wife, which the decree of absolute divorce terminates and extinguishes in the future (*Matter of Ensign,* 103 N. Y. 284; *Livingston* v. *Livingston,* 173 N. Y. 377; *Wilson* v. *Hinman,* 182 N. Y. 408; *MacKay* v. *MacKay,* 279 App. Div. 350; *Lynn* v. *Lynn,* 302 N. Y. 193).

It must be held that the judgment of absolute divorce supersedes and nullifies the judgment decreeing separation. In this case, it necessarily follows that the alimony provision of the separation judgment must yield to the superior effect of the divorce decree. This is so because the jurisdictional factors present here were absent in the cases in which the "divisible divorce" concept was applied.

In *Lynn* v. *Lynn* (*supra,* p. 204), FULD, J., writing for the unanimous court, said: "In the light of reason and authority, therefore, we deem it clear that the recitals in the Nevada decision and decree that the wife sought no alimony do not serve to keep alive the New York alimony judgment."

This rule, applied as it was to a foreign decree, has greater force when invoked in the case at bar. (See, also, *Gibson* v. *Gibson,* 81 Misc. 508, and *Harris* v. *Harris,* 197 App. Div. 646.)

The right of the plaintiff to alimony as the suitor without fault in the divorce proceedings is not extinguished by her failure to seek such relief in that decree or by her erroneous reliance upon the judgment in the separation action. She is amply protected by sections 1155 and 1170 of the Civil Practice

Act. It has been held that the effect of these provisions is to write into every final judgment of divorce a reservation continuing the jurisdiction of the court over the parties and over the incidental subject matter involved (*Fox* v. *Fox*, 263 N. Y. 68).

The cases cited in plaintiff's reply memorandum (*Schoen* v. *Schoen*, 181 Misc. 727; *Beeber* v. *Beeber*, 225 App. Div. 757) are inapplicable. The *Beeber* case does not involve a subsequent divorce, but a reconciliation and the *Schoen* case involves a foreign in rem divorce without jurisdiction of the parties.

We do not pass upon the question of a contempt for failure to make payments up to the time of the entry of judgment for absolute divorce (as in *Wickett* v. *Wickett*, 98 N. Y. S. 2d 849, or in *Scheinwald* v. *Scheinwald*, 231 App. Div. 757) for the reason that the papers do not disclose that the default occurred prior to the divorce decree.

To argue that defendant to relieve himself of the provision for alimony must first move to modify the judgment in the separation action is specious and futile. The separation decree under the facts in this case is a nullity. Surely we have arrived at a point in our practice and procedure when we no longer require the performance of a needless act. (See *Auerbach* v. *Auerbach*, 187 Misc. 993, and *Goldberg* v. *Goldberg*, 236 App. Div. 258.)

The motion is denied without prejudice to any application which the parties may be counseled to take.