◼ JACQUELINE FEUER, Respondent, v. MAX FEUER, Appellant.— Order denying defendant husband's motion to modify a judgment of separation affirmed, with $10 costs to plaintiff wife. After the judgment of separation in question had been entered in her favor, plaintiff wife procured a Florida divorce based only upon constructive service. That judgment, unlike the New York judgment, contained no provisions requiring defendant husband to contribute to the support of the wife or the children of the marriage. Ordinarily, the Florida divorce, based only on constructive service, but obtained by her, would have been effective to terminate plaintiff wife's rights under the New York judgment of separation. (*MacKay* v. *MacKay,* 279 App. Div. 350, but see dissenting opinion by Callahan, J.; *Dube* v. *Dube,* 230 App. Div. 494; *Harris* v. *Harris,* 197 App. Div. 646.) It appears that a different rule as to the time plaintiff's rights would be cut off obtains in the Second Department, but that difference is not material in this case. (See, e.g., *Scheinwald* v. *Scheinwald,* 231 App. Div. 757; *Polk* v. *Polk,* 277 App. Div. 885.) However, the conduct of defendant husband in asserting on this motion the invalidity of the Florida judgment estops him from utilizing it to avoid his obligation under the New York judgment. A litigant may not seek affirmative relief on the basis of a judgment which he is simultaneously asserting is fraudulent and ineffective to affect his rights. His abandonment of his earlier assertions is not sufficient to negative the force they have. All concur except Stevens, J. who dissents and votes to modify to the extent of eliminating support of the wife and otherwise affirm. Order [denying application to punish for contempt] unanimously affirmed, with $10 costs and disbursements to the respondent. Concur — Breitel, J. P., Rabin, M. M. Frank, McNally and Stevens, JJ.