Harold J. Crawford, J.
This is an action to recover $10,209, with interest and costs, the amount of a judgment which the plaintiff obtained against the defendant’s insured, Daniel Crilley, in an action to recover for personal injuries sustained by her in an accident which occurred while she was a passenger in an automobile owned and operated by said insured.
The defendant, which insured said vehicle, interposed the defense that at the time of the accident the plaintiff was the spouse of the named insured Daniel Crilley and that under the provisions of section 167 of the New York Insurance Law the policy did not cover the insured for injuries to his spouse, absent an express provision in the policy specifically covering the spouse.
The plaintiff now moves for summary judgment on the ground that there is no valid defense to this action.
The facts are not disputed. The plaintiff at the time of the occurrence of the accident on September 12, 1954, was a passenger in the car owned and operated by her husband Daniel Crilley, from whom she had been separated under a separation agreement dated March 24, 1952, and not living with him or in the same *307 household since that date. She was, nevertheless, a “ spouse ” of the insured within the meaning of subdivision 3 of section 167 of the Insurance Law so as to exclude her from coverage if the policy contained a provision substantially in the language of said subdivision and did not expressly provide for her coverage.
It cannot be doubted that a judgment of separation neither nullifies the marriage nor dissolves it as of the date of the decree. The marital relation still continues. (Kaplan v. Kaplan, 256 N. Y. 366, 370-371; MacKay v. MacKay, 279 App. Div. 350, 353; Sacknoff v. Sacknoff, 203 Misc. 86, 88; Gibson v. Gibson, 81 Misc. 508, 513.) A separation, pursuant to an agreement voluntarily entered into by the parties, hardly has any greater effect. Assuredly, it does not end the marriage and thereby change the relation of husband and wife.
The policy in the case at bar, however, does not merely provide that its coverage shall not extend to the insured’s spouse in the absence of an express provision therefor. Subdivision 8 of paragraph X, “ Definitions ”, states that “ ‘ Spouse ’ means the spouse of the named insured if a resident of the same household ” as the insured. Under this provision, the plaintiff was not excluded from coverage and since no other questions of fact and law are here presented, she is entitled to judgment as matter of law and her motion is granted accordingly.