MARY J. ARNOLD *v.* FREDERICK E. ARNOLD

SUPERIOR COURT    JUDICIAL DISTRICT OF    FILE No. 14555
LITCHFIELD

Memorandum filed June 12, 1979

*Muschell & Zawadzkas,* for the plaintiff.
*Frederick E. Arnold,* pro se, the defendant.

Missal, J. On June 8, 1956, the plaintiff was granted a divorce from the defendant on the ground of intolerable cruelty. Custody of the one minor child born on June 21, 1952, was awarded to the plaintiff. The defendant was given the right of reasonable visitation and was ordered to pay to the plaintiff the sum of $15 per week for the support of the minor child.

Apparently the defendant did not exercise his visitation rights nor did he make his support payments. The plaintiff, however, took no action to collect the support payments until twenty-two years later when on September 15, 1978, the defendant was cited for contempt of court. No hearing was held on the citation. The subject hearing was based on a motion for contempt dated April 9, 1979.

It is undisputed that the defendant failed to make the support payments ordered by the court and that the arrearage from the date of the order until the minor child reached her majority on June 21, 1970, amounts to $10,920.

The issue to be decided by the court is whether contempt proceedings are available as a remedy to collect support arrearages after the child has reached the age of majority. Some jurisdictions hold that the power of the court to punish for contempt terminates when the child reaches majority. In other jurisdictions, it has been held that the court may adjudge the spouse in contempt even after the child has attained majority. For a discussion of both views, see annot., 32 A.L.R.3d 885. Connecticut courts have not decided this issue.

The defendant appeared pro se in court and was quite articulate. This court will hold that it has jurisdiction in a contempt proceeding to enter an order to pay child support on unpaid installments which accrued before the child reached majority,

where the proceedings were commenced after the child reached majority. The jurisdiction of the court is a continuing one, and the mere emancipation of the child should not serve to cancel the arrearage. *Allison* v. *Binkley,* 222 Ark. 383; *Kaifer* v. *Kaifer,* 286 Ill. App. 433; *Goldberg* v. *Goldberg,* 236 App. Div. 258 (N.Y.); *State ex rel. Casey* v. *Casey,* 175 Ore. 328; *Ex parte Hooks,* 415 S.W.2d 166 (Tex.). In *Goldberg,* supra, it was recognized that the fact that the child had reached majority is a factor to be considered in imposing punishment.

The defenses of laches and equitable estoppel are not available to this defendant, as the elements of those defenses are not present here; *Bozzi* v. *Bozzi,* 177 Conn. 232, 240; nor does the mere lapse of time (twenty-three years) relieve the defendant of his responsibility. *Piacquadio* v. *Piacquadio,* 22 Conn. Sup. 47.

In spite of the fact that the court finds the sole issue for the plaintiff, the defendant not having complied with the court order for support, this court will not impose any substantial punishment.

The defendant is found to be in contempt of court for his failure to comply with the decree of the court concerning support payments to the plaintiff. For that failure he is censured.

No other penalty will be imposed.