WENDY E. VERAS ET AL. *v.* ANDREW W. VERAS

Superior Court       Judicial District of       File No. FA800185437S
Fairfield at Bridgeport

Memorandum filed September 4, 1997

*Kenneth A. Graham,* assistant attorney general, with whom was *Richard Blumenthal,* attorney general, for the plaintiff state of Connecticut.

*Elstein & Elstein,* for the defendant.

MORAN, J. General Statutes § 46b-231 (m) (7) provides in pertinent part that "[f]amily support magistrates shall enforce orders for child and spousal support entered by such family support magistrate and by the Superior Court in IV-D support cases by citing an obligor for contempt. . . ." Further, General Statutes § 46b-215 (a) provides in pertinent part that "[t]he Superior Court or a family support magistrate shall have authority to make and enforce orders for payment of support against any person who neglects or refuses to furnish necessary support to his or her spouse or a child under the age of eighteen . . . . Failure of the defendant or defendants to obey any order made hereunder, may be punished as contempt of court . . . ." See also General Statutes § 46b-215a.

These statutes empower a family support magistrate or Superior Court judge to hold obligors in contempt when they fail to pay premajority child support that is past due. Nothing in the foregoing statutes limits the court's power to enforce premajority support orders once the child reaches the age of majority. This court, therefore, "has jurisdiction in a contempt proceeding to enter an order to pay child support on unpaid installments which accrued before the child reached majority, where the proceedings were commenced after the child reached majority. The jurisdiction of the court is a continuing one, and the mere emancipation of the child

should not serve to cancel the arrearage." *Arnold* v. *Arnold*, 35 Conn. Sup. 244, 245–46, 407 A.2d 190 (1979).

The defendant's narrow construction of the applicable statutes is unwarranted given that our Supreme Court "has construed broadly statutes providing for parental support of minor children." *Guille* v. *Guille*, 196 Conn. 260, 266, 492 A.2d 175 (1985). Furthermore, § 46b-215a-4 of the Regulations of Connecticut State Agencies provides for arrearage payments for premajority child support when the child is no longer a minor.

In view of the foregoing, the decision of the family support magistrate is affirmed.