[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PETITION FOR JUDICIAL REVIEW (DOCKET ENTRY NO. 129)
General Statutes § 46b-231 (m)(7) states that "[f]amily support magistrates shall enforce orders for child and spousal support entered by such family support magistrate and by the Superior Court in IV-D support cases by citing an obligor for contempt." Furthermore, General Statutes § 46b-215 (a) provides that "[t]he Superior Court or a family support magistrate shall have authority to make and enforce orders for payment of support against any person who neglects or refuses to furnish necessary support to his or her spouse or a child under the age of eighteen. . . . Failure of the defendant or defendants to obey any order made hereunder, may be punished as contempt of CT Page 10266 court. . . ." See also General Statutes § 46b-215a.
These statutes empower a family support magistrate or superior court judge to hold obligors in contempt when they fail to pay pre-majority child support that is past due. Nothing in the foregoing statutes limits the court's power to enforce pre- majority support orders once the child reaches the age of majority. Therefore, this court's "has jurisdiction in a contempt proceeding to enter an order to pay child support on unpaid installments which accrued before the child reached majority, where the proceedings were commenced after the child reached majority. The jurisdiction of the court is a continuing one, and the mere emancipation of the child should not serve to cancel the arrearage. "Arnold v. Arnold, 35 Conn. Sup. 244, 245-46,407 A.2d 190 (1979).
The defendant's narrow construction of the applicable statutes is unwarranted given that the Connecticut Supreme Court "has construed broadly statutes providing for parental support for minor children." Guille v. Guille, 196 Conn. 260, 266,492 A.2d 175 (1995). Furthermore, section 46b-215a-4 of the Regulations of Connecticut State Agencies provides for arrearage payments for pre-majority child support when the child is no longer a minor.
In view of the foregoing, the decision of the family magistrate is affirmed.
MORAN, J.