[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
Presently before the court is the state's appeal from a decision of Family Support Magistrate Steele, rendered on December 28, 1999, wherein the defendant-respondent's motion to dismiss was granted without prejudice. The state filed this appeal with the Superior Court on January 5, 2000, eight days after Magistrate Steele dismissed the plaintiff-petitioner's registration of a Texas support order and the related enforcement proceeding.
The relevant factual and procedural history of the case is as follows. The plaintiff-petitioner, Bonnie D. Freeman (plaintiff), obtained a default judgment of divorce against the defendant-respondent, Alfred E. Freeman (defendant), in a Texas state court on October 6, 1981. The Texas court ordered the defendant to pay to the plaintiff monthly child support in the amount of $250 for one minor child issue of the marriage, Alfred E. Freeman, Jr., born December 7, 1978. The defendant was ordered to pay such support from October 1, 1981, until the minor child reached the age of eighteen years or was otherwise emancipated. The child attained the age of eighteen on December 7, 1996.
Sometime after the divorce was entered, the plaintiff moved to the state of Colorado, where she currently resides.[1] The defendant also moved and presently resides in Connecticut. On August 5, 1997, the plaintiff registered the Texas order of support with Colorado authorities. According to the plaintiff's verified statement for CT Page 9534 registration of a foreign order of support, the defendant failed to pay $45,750 in ordered child support from October 1, 1981.
On September 8, 1997, the plaintiff registered the order of support with the support enforcement division (support enforcement). Support enforcement sent the notice of registration of a foreign support order to the defendant via certified mail.[2] The notice stated, inter alia, that the defendant "had twenty days from the date of this notice to petition the Court . . . to vacate the registration, or for other relief. If you do not, the order will be confirmed and will be enforced in the same manner as a Connecticut support order." There is no indication in the record that the defendant sought to vacate the registration or sought other relief.
On February 26, 1998, support enforcement, on behalf of the plaintiff, filed an application for contempt order against the defendant. The application was heard before Family Support Magistrate Matasavage on April 7, 1998, on which date the defendant appeared with counsel. "The court found an arrearage due to the state of Colorado in the amount of $45,750.00 as of April 06, 1998." (Order for Support, Matasavage,F.S.M., dated April 7, 1998.) The case was continued to June 2, 1998, to give the defendant the opportunity to obtain a narrative medical report on his ability to work and a written verification of his social security application. Thereafter, the case was continued on at least twelve separate occasions.
During the intervening time period, the defendant filed a motion to dismiss, dated July 26, 1999. The defendant argued that Texas had exclusive jurisdiction over the matter and because the plaintiff failed to enforce the support order within six months after the minor child's eighteenth birthday, as required under Texas law, Texas as well as Colorado and Connecticut lacked jurisdiction to enforce the original Texas order of support. In an objection to the defendant's motion to dismiss, dated September 15, 1999, the state argued that the defendant neither sought to vacate the Connecticut registration nor asserted any defenses within twenty days of the registration, as required by Connecticut law, and, thus, the registration order was confirmed by operation of law. The state further argued that the court must follow Connecticut law in an enforcement proceeding for arrearages.
On December 28, 1999, the defendant's motion to dismiss was heard before Family Support Magistrate Steele. Magistrate Steele agreed with the defendant's position and ordered the Connecticut registration and the application for a contempt order dismissed without prejudice. The state now appeals from Magistrate Steele's decision. CT Page 9535
 DISCUSSION OF ISSUES
"A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." (Internal quotation marks omitted.) Office of Consumer Counsel v. Dept.of Public Utility Control, 234 Conn. 624, 640, 662 A.2d 1251 (1995). "A person who is aggrieved by a final decision of a family support magistrate is entitled to judicial review by way of appeal under [General Statutes § 46b-231 (n)]." General Statutes § 46b-231 (n)(1). "The two part test for aggrievement by a particular decision is well established. First, the person claiming to be aggrieved must have a specific, personal and legal interest in the subject matter of the decision, as distinguished from the general interest of the community as a whole. Second, the person must establish that his or her interest has been specially and injuriously affected by the decision." Newman v. Newman,235 Conn. 82, 103, 663 A.2d 980 (1995). The court finds that the plaintiff is aggrieved because the magistrate's order dismissing the registration and related contempt proceeding precludes the plaintiff from enforcing the Texas support order.
The court further concludes that the order of dismissal was a final judgment for purposes of this appeal. See Dacey v. Commission on HumanRights Opportunities, 41 Conn. App. 1, 4, 673 A.2d 1177 (1996) (the court lacks subject matter jurisdiction without a final judgment). A final judgment is an order or action that terminates a separate and distinct proceeding or concludes the rights of the parties so further proceedings cannot affect them. See Metropolitan Life Ins. Co. v. AetnaCasualty Surety Co., 249 Conn. 36, 46, 730 A.2d 51 (1999). In the present case, Magistrate Steele's order of dismissal effectively terminated a distinct proceeding. The order is therefore subject to appeal pursuant to § 46b-231 (n).
Section 46b-231 (n)(2) provides in relevant part that "[p]roceedings for such appeal shall be instituted by filing a petition in superior court for the judicial district in which the decision of the family support magistrate was rendered not later than fourteen days after filing of the final decision with an assistant clerk assigned to the Family Support Magistrate Division . . . ." The state, on the plaintiff's behalf, filed this appeal with the accompanying petition on January 5, 2000, well within the statutorily required appeal period. Because the state has complied with the appeal procedure as set forth in General Statutes § 46b-231 (n), this court has subject matter jurisdiction to hear the matter.
 I
CT Page 9536
"The Superior Court may affirm the decision of the family support magistrate or remand the case for further proceedings. The Superior Court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the decision of the family support magistrate is: (A) In violation of constitutional or statutory provisions; (B) in excess of the statutory authority of the family support magistrate; (C) made upon unlawful procedure; (D) affected by other error of law; (E) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." General Statutes § 46b-231 (n)(7).
The state appeals from Magistrate Steele's order of dismissal on the ground that the decision is affected by errors of law. In a supporting brief, dated May 10, 2000, the state presents four arguments. First, the state argues that the court lacked jurisdiction to dismiss the Connecticut registration sua sponte because the defendant failed to file a timely motion to open judgment and because the defendant's motion to dismiss was directed solely at the contempt proceedings. The state's second argument is that the defendant failed to contest the registration of the Texas order within twenty days of registration, as Connecticut law requires, and, therefore, he was foreclosed from doing so in a motion to dismiss. The state further argues that although Texas law governs the amount of support and any arrearages, Connecticut law requires the court to follow Connecticut's enforcement procedures. In the fourth argument, the state contends that the court failed to apply applicable Texas law.
In a supplemental memorandum of law, dated May 30, 2000, the defendant reiterates his arguments made in support of the motion to dismiss before Magistrate Steele. Specifically, the defendant maintains that Texas has exclusive jurisdiction over the matter. Under Texas law, the defendant argues, enforcement is a two step process: first, an action to establish an arrearage must be filed within six months of the minor child's attainment of the age of majority and second, a subsequent action to enforce the judgment of child support arrearage must be filed within four years after the child reaches the age of majority. The defendant concludes that the plaintiff's failure to comply with the first step renders the Texas, Colorado and Connecticut courts without jurisdiction over the subject matter and, therefore, the motion to dismiss was properly granted.
The first issue before the court is whether Texas has continuing, exclusive jurisdiction over the registration and enforcement matter at issue. The legislatures of Connecticut, Texas and Colorado have each adopted the Uniform Interstate Family Support Act (UIFSA), the statute under which the present enforcement action was brought. See General CT Page 9537 Statutes § 46b-212 et seq.; Tex. (Family) Code Ann. § 159.001 et seq.; Colo. Rev. Stat. § 14-5-101 et seq. Pursuant to UIFSA, Texas, as the state of the issuing tribunal, had continuing, exclusive jurisdiction over the child support order as long as Texas remained the residence of the obligor, the individual obligee, or the child for whose benefit the support order was issued.[3] See Tex. (Family) Code Ann. § 159.205(a)(1); General Statutes § 46b-212h (a); and Colo. Rev. Stat. § 14-5-205. The record before this court clearly indicates that Texas is not the residence of the plaintiff, the defendant or their child. The plaintiff is domiciled in Colorado. The defendant is domiciled in Connecticut, and the child currently resides in Minnesota. Therefore, pursuant to the laws of Texas and Connecticut, Texas does not have continuing, exclusive jurisdiction over the registration of the Texas support order and the related enforcement matter. See Uniform Interstate Family Support Act § 205, comment, 9 U.L.A. 284 (1996) ("As long as one of the individual parties or the child continues to reside in the issuing state . . . the issuing tribunal has continuing, exclusive jurisdiction over its order — which in practical terms means that it may modify its order.").
 II
Moreover, the registration and enforcement of the Texas support order are governed by Connecticut law. See generally General Statutes §§46b-213g to 46b-213n. Section 46b-213h provides in relevant part that an out-of-state order of support may be registered in the registry of support orders by sending support enforcement a letter of transmittal requesting registration and enforcement, two copies of the order to be registered, a sworn or certified statement stating the amount of any arrearage and the names and addresses of the obligor and obligee. The plaintiff complied with these requirements.
Support enforcement, on behalf of the Family Support Magistrate Division, thereafter notified the defendant of the registration. See General Statutes § 46b-213k (a). Included in the notice was an explanation of the legal effect of the registration and a statement instructing the defendant that he had twenty days from the date of the notice to petition the court to vacate the registration or seek other relief. See General Statutes § 46b-213k (b). The notice further provided that the defendant's failure to contest in a timely manner would result in the order being confirmed and enforced in the same manner as a Connecticut support order. See General Statutes §§ 46b-212i (b) and46b-213k (b). Because the defendant did not contest the validity or enforcement of the registered order within the statutorily prescribed period; see General Statutes §§ 46b-213l (a)and 46b-213m; the registered order was confirmed by operation of law. See General Statutes CT Page 9538 § 46b-213l (b). Such confirmation "precludes further contest of the order with respect to any matter that could have been asserted at the time of registration." General Statutes § 46b-213n; see also General Statutes § 46b-213m (a)(7).
While the registered order remains a Texas order; see General Statutes § 46b-212j (a); it "is enforceable in the same manner and is subject to the same procedures as an order issued by a tribunal of this state." General Statutes § 46b-212i (b); see also Uniform Interstate Family Support Act § 303, comment, 9 U.L.A. 303 (1996). As noted in the comment to § 303, the application, of local law for the enforcement of an out-of-state support order is necessary for "the efficient processing of the huge number of interstate support cases." Uniform Interstate Family Support Act § 303, comment, 9 U.L.A. 303 (1996). "This must be accomplished [however] in a manner consistent with the overriding principle of UIFSA that enforcement is of the issuing tribunal's order, and that the responding state does not make the order its own as a condition of enforcement." Id.
General Statutes § 46b-215 governs the procedures for the enforcement of the registered order. Section 46b-215(a) provides in relevant part: "The Superior Court or a family support magistrate shall have the authority to make and enforce orders for payment of support against any person who neglects or refuses to furnish necessary support to his or her spouse or child under the age of eighteen . . . . Proceedings to obtain such orders of support shall be commenced by the service on the liable person or persons of a verified petition with summons and order, in a form prescribed by the Office of the Chief Court Administrator, of the husband or wife . . . .[4] The verified petition, summons and order shall be filed in the judicial district in which the petitioner or respondent resided or does business, or if filed in the Family Support Magistrate Division, in the judicial district in which the petitioner or respondent resides or does business. . . . Failure of the defendant or defendants to obey any order made hereunder, may be punished as contempt of court and the costs of commitment of any person imprisoned therefor shall be paid by the state as in criminal cases. In contrast to Texas law, therefore, Connecticut merely requires the plaintiff or support enforcement on her behalf to file an application for a contempt order in order to initiate an enforcement proceeding. Connecticut does not require the plaintiff to initiate such an action within six months after the minor child attains the age of majority. See Tex. (Family) Code Ann. § 157.005(a) Accordingly, support enforcement on behalf of the plaintiff filed an application for a contempt order in the judicial district of Tolland on February 11, 1998. CT Page 9539 Thereafter, at an April 7, 1998 hearing on the plaintiff's application, Family Support Magistrate Matasavage found an arrearage in the amount of $45,750 as of April 6, 1998. The plaintiff properly complied with Connecticut procedure for seeking enforcement of the registered order.
 III
Connecticut does not have a statute of limitations specific to the enforcement of a support order. See generally General Statutes §46b-213j (b) ("[i]n a proceeding for arrearages, the statute of limitations under the laws of this state or of the issuing state, whichever is longer, applies") In Veras v. Veras, 45 Conn. Sup. 169,702 A.2d 1217 (1997), the court ruled that the family support magistrate and the. Superior Court retain jurisdiction to make and enforce a contempt order for nonpayment of premajority child support, notwithstanding contempt proceedings against the defendant were initiated after the child had reached the age of majority. The court reasoned that General Statutes §§ 46b-231 (m)(7), 46b-215(a) and 46b-215a "empower a family support magistrate or Superior Court judge to hold obligors in contempt for failure to pay premajority child support that is past due. Nothing in the foregoing statutes limits the court's power to enforce premajority support orders once the child reaches the age of majority. . . . The jurisdiction of the court is a continuing one, and mere emancipation of the child should not serve to cancel the arrearage." (Internal quotation marks omitted.) Veras v. Veras, supra, 45 Conn. Sup. 170. Similarly, the mere emancipation of Alfred Freeman, Jr., does not serve to cancel the arrearage in this case.
 CONCLUSION
The order of Family Support Magistrate Steele dismissing the Connecticut registration and related contempt proceeding is affected by errors of law and is hereby reversed. The case is remanded to the Family Support Magistrate Division for further proceedings consistent with this opinion.