JANE H. MACKAY, Respondent, v. WILLIAM E. MACKAY, Appellant.

First Department, January 29, 1952.

*Francis S. Bensel* of counsel (*W. Frederick Knecht* with him on the brief; *Rathbone, Perry, Kelley & Drye,* attorneys), for appellant.

*John F. Finn, Jr.,* of counsel (*Leon Silverman* with him on the brief; *Riegelman, Strasser, Schwarz & Spiegelberg,* attorneys), for respondent.

Cohn, J. The parties were married on June 4, 1938. There are two sons, issue of the marriage, one twelve and a half years of age and the other seven and a half. Difficulties arose between husband and wife and in June, 1946, the wife commenced an action for separation against the husband. During its pendency the parties entered into a separation agreement which, insofar as material, provided for plaintiff's custody of the two sons, subject to defendant's partial custody during stated periods, and required the husband to pay $6,000 annually for the support of the wife and the two boys, $2,000 for the wife and the balance for the children. A judgment of separation was entered in this State on March 31, 1947, in favor of the wife, which provided for the support of the plaintiff wife and for the support and custody of the children in conformity with the provisions of the separation agreement.

In June, 1951, plaintiff departed for Reno, Nevada, and while there instituted an action for absolute divorce. Defendant was not personally served with process, and did not appear therein by attorney or otherwise. On September 4, 1951, a decree was entered in her favor in the Nevada court which in addition to

severing the bonds of matrimony, awarded plaintiff the sole and exclusive custody of the two children, and also made provision for the support of herself and the two children along the lines set forth in the separation agreement previously executed in New York and which had been incorporated in the separation decree.

When plaintiff left to go to Nevada, she placed the children at her home in Roslyn, Long Island, in charge of persons who appeared to be well able to take proper care of them. Upon her return to New York on September 7th, plaintiff found that the boys, who had been staying with the father under the partial custody provision of the separation decree, were being kept by defendant beyond the period that he was permitted to have them. According to the terms of the separation decree, he should have surrendered them to the custody of his wife on September 3d. When plaintiff demanded their return, defendant refused to comply.

On plaintiff's motion, the court adjudged defendant in contempt of the custodial provisions of the judgment of separation, in that he did not return the children to the wife on September 3, 1951. For this failure, he was fined the sum of $500 and directed to immediately surrender the children to his wife. Defendant's cross motion to modify the judgment of separation by striking therefrom the provisions for the wife's support and the custodial and support provisions for the children on the ground that the separation judgment was nullified by the Nevada decree was in all respects denied. From those two orders this appeal is taken.

We do not find a proper basis for the order which adjudged defendant guilty of contempt in retaining the children in his custody on September 3, 1951. At that time plaintiff was in Nevada and was not at her home in Roslyn, Long Island. Defendant could not then have returned the children to the custody of plaintiff even had he desired to do so. Plaintiff obtained her decree of divorce in Nevada on the next day, September 4th, and she did not return to New York until September 7th. In the circumstances we think that defendant should not have been adjudged guilty of contempt for failure to return the children on September 3d.

We now consider the order of the Special Term which denied defendant's cross motion to modify the judgment of separation by striking therefrom (1) the direction that defendant pay the specified sums for the support of the plaintiff and (2) provisions relating to the custody and maintenance of the two

children. This brings us directly to the question as to what effect is to be given to the judgment of absolute divorce obtained by the wife in the State of Nevada.

The husband has not chosen to challenge the validity of the Nevada decree. The Nevada decree rendered in favor of the wife, upon her application, validly put an end to the marital status. Since plaintiff procured the divorce in Nevada, she is bound by the decree. She may not question its validity or the jurisdiction of the Nevada court to render it (*Lynn* v. *Lynn*, 302 N. Y. 193, certiorari denied 342 U. S. 849; *Starbuck* v. *Starbuck*, 173 N. Y. 503; *Krause* v. *Krause*, 282 N. Y. 355).

However, the adjudication of the Nevada court was one based on jurisdiction in rem and not in personam. So far as the marriage is concerned it no longer exists. Plaintiff, accordingly, is estopped to deny the termination of the marital status, and having sought and obtained a complete severance of the marriage, she is estopped to claim the alimony provisions in her favor under the New York separation decree.

The judgment of separation obtained by the wife in New York was based on the existence of the marriage. The decree recognized the obligation of the husband to support the wife, the extent of which was fixed by the provision for the payment of alimony. Payment of alimony in action for a separation proceeds upon a different theory than provisions for alimony in cases for absolute divorce. Alimony in the latter case is a substitute for the rights of the innocent wife which the absolute divorce cuts off and forbids in the future (*Wilson* v. *Hinman*, 182 N. Y. 408, 411; *Livingston* v. *Livingston*, 173 N. Y. 377, 381; *Matter of Ensign*, 103 N. Y. 284; *Gibson* v. *Gibson*, 81 Misc. 508, 513).

In the *Matter of Ensign* (*supra*, p. 289), the court said: " When the court dissolves the marriage contract at the suit of the innocent wife, it is authorized to decree the payment to her of a suitable allowance. And why is that? If any marital right continues after the divorce, the wife remains entitled to her support and may enforce it in the ordinary way. On the contrary the statute recognizes that when the marriage tie is broken, and the relation ended, no future rights will remain to the wife, and no future obligations bind the husband which have their root in the marriage relation. The court is authorized to give by its decree, in the form of an allowance, a just and adequate substitute for the right of the innocent wife which the divorce cuts off and forbids in the future. The tribunal granting the decree investigates the husband's financial con-

dition, takes proof of the value of his property, and then makes a suitable allowance for her life, and so puts the decree and its power in the place and room of what is lost in the future.''

The decree of absolute divorce obtained by plaintiff in the State of Nevada, having validly severed the marital relationship, estopped plaintiff, who was the procuring cause of the absolute divorce, from claiming alimony under the New York separation decree. Under the New York decree, the payments were based on the continuance of the marital relationship. A claim by her for a continuance of support under the New York decree would tend to destroy the effect of the Nevada decree which she herself procured by an election to terminate the marriage. Plaintiff, having chosen to obtain a complete severance of the marriage, could not insist that she still had the right to enjoy the benefits flowing from that relationship under the New York State decree.

In circumstances similar to these it has been repeatedly held in this State that a wife is estopped from claiming the benefit of the support provisions awarded in her favor in the prior New York separation decree (*Dube* v. *Dube,* 230 App. Div. 494 [1st Dept., 1930]; *Harris* v. *Harris,* 197 App. Div. 646 [1st Dept.]; *Gibson* v. *Gibson,* 81 Misc. 508, *supra; Dollard* v. *Dollard,* 51 N. Y. S. 2d 196; *Glennan* v. *Glennan,* 197 Misc. 899; see, also, *Estin* v. *Estin,* 296 N. Y. 308, 313, and 2 Freeman on Judgments [5th ed.], § 911, pp. 1915–1916).

It would appear that defendant in seeking to be relieved of making future payments of alimony for the wife's support is adopting the correct remedy by moving for a modification of the New York decree. In *Dube* v. *Dube* (*supra,* p. 495) this court, in circumstances analogous to those here presented, said: '' If the facts alleged by him are correct his remedy was to seek a modification. (*Harris* v. *Harris,* 197 App. Div. 646; *Gibson* v. *Gibson,* 81 Misc. 508.) The plaintiff has thus far been able to avoid payment of all alimony for either his wife or child. He should be compelled to support his child. (*Laumeier* v. *Laumeier,* 237 N. Y. 357.) The court at Special Term pointed out the course for plaintiff to follow if he wished to avoid further liability to support his wife under this decree. (*Gibson* v. *Gibson, supra.*) Having failed to avail himself of that remedy he should be punished for contempt.''

So far as the custody of the children is concerned the Nevada court had no jurisdiction over that question. The children were not in the State of Nevada during the wife's domicile there, nor was the husband. As to the children and the husband,

the provisions for the custody and support of the children in the New York separation decree are still outstanding and survive. The Nevada court in the circumstances had no power to adjudicate the question of the custody of the children. In awarding the custody of the children to the wife, it attempted to exercise an in personam jurisdiction over persons not before the court. This, it could not do. (*Estin* v. *Estin,* 334 U. S. 541, 547.)

Accordingly, we rule that the order appealed from should be modified to the extent of eliminating from the judgment of separation all provision for alimony for the support of plaintiff. Insofar as the support and custody provisions for the children are concerned, we hold that they are still outstanding and prevail. If any change of circumstances should occur which would warrant interference by the New York Supreme Court with these provisions, an application for appropriate modification must be made. The wife is entitled to the custody of the children in accordance with the provisions of the agreement, as she is entitled to the payment for their support as therein provided.

For the foregoing reasons, the order granting plaintiff's motion to punish defendant for contempt should be reversed and the motion in all respects denied. The order denying defendant's cross motion to modify the judgment of separation should be modified by eliminating all provisions for the support of the wife, and otherwise affirmed. Settle order.

DORE, J. (concurring in part). With regard to the order which adjudged defendant guilty of contempt, I concur in the reasoning as well as the result reached in the opinion of Mr. Justice COHN.

With regard to the order which denied defendant's cross motion to modify the judgment of separation by striking therefrom the alimony and custody provisions, I agree with the reasoning and the result reached by Mr. Justice COHN in his opinion concerning the custody of the children and I agree with the result reached in eliminating provisions for alimony for the wife.

Plaintiff wife herein voluntarily went to Nevada to procure a divorce, leaving her children here in her New York domicile. In that action defendant was not personally served and did not appear by attorney or otherwise. With regard to her claim for alimony under the New York separation decree, I think it is necessary only to hold that plaintiff wife under the facts

disclosed is estopped by her own action from claiming thereunder the alimony provisions in her favor. Although defendant, apparently for purposes of strategy in the litigation between him and his wife, has not as yet attacked the Nevada decree, I think it is unnecessary at this time for this court to hold that such decree validly severed the marital relationship.

In *Estin* v. *Estin* (296 N. Y. 308, affd. 334 U. S. 541) after the wife had obtained a separation judgment in New York, the husband on constructive service and without the wife's appearance obtained a Nevada divorce decree. In holding that the support provisions of the New York separation judgment survived, the courts were protecting an innocent wife against the action of a guilty husband who by the maneuver of a Nevada divorce without service on the wife was attempting, contrary to our public policy, to frustrate the New York separation decree validly obtained here by the wife. In this case, however, it is the wife herself who has sought and obtained a Nevada decree without obtaining jurisdiction of the husband and without any basis in our public policy. It is anomalous to hold that for the purpose of the Nevada decree the wife was a domiciliary of that foreign State and simultaneously to hold that for the purpose of procuring for herself the benefits of the provisions of the New York separation decree, she is a domiciliary of this State. So far as alimony under the New York decree is concerned, I think we should hold that the wife is estopped from asserting in this State her right to enjoy the benefits flowing from the New York decree.

Accordingly, I concur in the opinion of Mr. Justice COHN to the extent that it reverses in all respects the order granting plaintiff's motion to punish defendant for contempt and affirms that part of the said order denying defendant's motion regarding custody; and I concur in the result reached in that opinion eliminating from the New York separation decree all provisions for alimony for the wife.

CALLAHAN, J. (dissenting in part). In the first appeal, from the order granting plaintiff's motion to punish defendant for contempt, I concur in all respects with the reversal of said order. In the second appeal, from the order denying the motion to annul the provisions of the former separation agreement, I dissent in part and vote to affirm.

One of the questions on the second appeal is whether the support provisions in a judgment of separation secured by the plaintiff wife in this State survive a later judgment of

divorce, which she obtained in the courts of Nevada. The judgment of divorce was rendered upon constructive service of process on the husband, and he did not appear in the Nevada action.

The husband does not question the wife's domicile in Nevada at the time that the divorce was obtained and thus concedes the jurisdiction of the Nevada court to dissolve the marital status. This does not mean, however, that he may not attack domicile later, or that he recognizes the validity of the Nevada decree insofar as it attempts to award alimony to his wife. The amount of alimony which the Nevada court purported to award was identical with that provided by the New York separation decree. In fact, both awards followed the provisions of an earlier property settlement agreement between the parties. While we know that the Nevada decree expressly provided against merger of the agreement, it is not clear whether a like provision was contained in the New York separation judgment.

This case differs from *Estin* v. *Estin* (296 N. Y. 308, affd. 334 U. S. 541) and *Lynn* v. *Lynn* (302 N. Y. 193, certiorari denied 342 U. S. 849) with respect to the facts affording jurisdiction to the divorcing State.

In the *Estin* case the husband went to Nevada, after the wife had obtained a judgment of separation in New York. He obtained a divorce upon constructive service and without the appearance of the wife. However, in view of a finding that the husband was domiciled in Nevada, it was necessary to recognize the Nevada decree as effective to dissolve the vinculum of the marriage. Nevertheless, the Court of Appeals held that the support provisions of the New York separation judgment survived.

In the *Lynn* case the husband commenced a suit for divorce in Nevada, after the wife had obtained a New York judgment of separation containing provisions for her support. The wife, however, appeared in the Nevada suit, so that the court had personal jurisdiction over both parties and the entire matrimonial controversy. A divorce was granted, but it made no provision for maintenance. The Court of Appeals held that under such circumstances the wife could no longer avail herself of the New York judgment, but must move in the courts of Nevada for relief.

There can be no doubt that the law of this State as it stood prior to *Estin* v. *Estin* (*supra*) would require us to hold that the wife's separation decree and its provisions for alimony must yield to the overriding effect of the divorce decree. Ample

authority is cited in the prevailing opinion to establish that former rule. Though some of the cited cases might be distinguished from the present one on the facts, I do not question that the rule in this State prior to *Estin* v. *Estin* (*supra*) was that a judgment of divorce superseded a separation decree and voided its provisions for maintenance. In fact, it was my view that the existence of such earlier rule required avoidance of the separation decree in *Kreiger* v. *Kreiger* (see 271 App. Div. 872), but the majority of this court and the Court of Appeals following the rule of the *Estin* case upheld the survival of the separation decree (*Kreiger* v. *Kreiger,* 297 N. Y. 530, affd. 334 U. S. 555).

The *Estin* decision, however, established a new rule of New York law sometimes referred to as the doctrine of '' divisible divorce '' in regard to the survival of a separation decree after the dissolution of marital status (see 296 N. Y. 308, *supra*). This change in the former law was discussed by the Supreme Court of the United States in *Estin* v. *Estin* (334 U. S. 541, *supra*). Nevertheless the Supreme Court upheld the right of New York to protect a domiciliary wife by asserting the survival of its separation judgment as against an ex parte divorce in a sister State effective to dissolve the marital status.

I think that the present case is like the *Estin* case in that the divorcing court had no jurisdiction except to dissolve status. It is unlike the *Lynn* case where the court had complete jurisdiction over the persons of all the parties and thus might adjudicate such matters as alimony and custody of children.

I think we should hold that the support provisions of the New York judgment of separation survive under the circumstances of this case. Our earlier decisions to the contrary were based upon the concept that the survival of a separation judgment depended upon the continuance of the marital status, but the *Estin* decision has altered that view. I see no sufficient reason to apply the old rule of lack of survival in the instant case merely because the wife sought and obtained the divorce in Nevada. The wife violated no rule of our public policy by establishing domicile in Nevada and obtaining a divorce (*Glaser* v. *Glaser,* 276 N. Y. 296; *Matter of Rhinelander,* 290 N. Y. 31, 36). She should not be penalized for such action, especially where it would jeopardize the interests of New York to do so. State policy requires that some provision be made for the support of a former wife in a divorce decree in the absence of misconduct on her part. In this respect our statute may be

said to recognize that the right of support is not necessarily tied to continuation of status (Civ. Prac. Act, § 1155).

The three fundamental facts that would justify our upholding survival of the separation decree are: (1) the ineffectiveness of the award by the Nevada court, which had no jurisdiction to render an in personam judgment directing the husband to pay alimony; (2) the interest of the State of New York in securing support for a domiciliary wife; and (3) the fact that there is no incongruity between the two judgments as to their provisions for support.

As to the first factor: We have a judgment that is void in respect to the direction for alimony not only in the state of rendition but in every other jurisdiction (*Jackson* v. *Jackson,* 290 N. Y. 512; *Pennoyer* v. *Neff,* 95 U. S. 714; 3 Freeman on Judgments [5th ed.], § 1444; *Parker* v. *Parker,* 211 Mass. 139). Nor would the full faith and credit clause of the Federal Constitution (U. S. Const., art. IV, § 1) and the implementing statutes require recognition of the Nevada decree for alimony (*Estin* v. *Estin,* 334 U. S. 541, 548, *supra; Pennoyer* v. *Neff, supra;* and see, also, concurring opinion of Mr. Justice DOUGLASS in *Esenwein* v. *Commonwealth,* 325 U. S. 279).

As to the second factor of State policy: The wife in the case at bar is now at least a New York domiciliary, though we must presume she was domiciled in Nevada at the earlier date when the divorce was obtained. She would have no effective directive for maintenance by her husband, who likewise resides here, unless we uphold the support provisions of the separation decree.

As to the third and final factor: The support provisions are the same in both judgments. The husband apparently is seeking to avoid payment under either. A single payment would satisfy both.

The courts of this State should not be prone to deprive a wronged wife of the assurance of support, unless some controlling principle of law requires it or such action is necessary to serve the ends of justice. Of course, a wife's remarriage would annul her right to support, and habitual living with another man might effect a like result (Civ. Prac. Act, § 1172-c). Neither of these situations exists here.

The main principle of law urged upon us as requiring an avoidance of the wife's separation decree is that the doctrine of estoppel applies against one who resorts to a foreign court so as to prevent such person from denying jurisdiction or the validity of the judgment obtained (see *Starbuck* v. *Starbuck,*

173 N. Y. 503). The rule of estoppel, however, is an arbitrary rule against conduct that would be intolerable, if permitted as between suitors (3 Freeman on Judgments [5th ed.], § 1438). But in a matrimonial dispute the State is an interested party as well as the individuals. Whether an estoppel should be allowed in a matrimonial action should depend at least in part on how it might affect the interests of the State in which the attack is made (*Senor* v. *Senor,* 272 App. Div. 306, affd. 297 N. Y. 800). In the *Starbuck* case the rule of estoppel was invoked against a wife attempting to assert a wholly private right, and she was not allowed to question the validity of a divorce obtained by her in order to assert a dower interest in property acquired by the husband during the course of his second marriage subsequent to the wife's decree. This rule of estoppel has been said to be properly limited to preventing the spouse who obtained the divorce from questioning the validity of the decree as affecting status in order to support a private claim to property (*Stevens* v. *Stevens,* 273 N. Y. 157; Schouler Divorce Manual [Warren], pp. 592–593). The wife here is asserting a right to uphold a New York judgment for maintenance, which is not a private right, but one in which the State has a vital interest. Nor is this wife attempting to assert the continued existence of the marital status. She does not attempt to disavow her domicile in Nevada after obtaining a judgment of divorce from the courts of that State based on a representation of such domicile. If she were doing this, she might be guilty of the sort of intolerable conduct that would justify asserting the rule of estoppel or quasi-estoppel against her (see *Caldwell* v. *Caldwell,* 298 N. Y. 146). Here the wife, while adhering to her representation of domicile made to the Nevada court and without attacking the validity of the divorce, insofar as that court had jurisdiction of the subject matter and the parties, contends that the provisions for support in the New York separation judgment should survive.

The husband has not acted in reliance on the Nevada judgment to his injury, a circumstance frequently considered as essential in order to invoke the doctrine of true estoppel (*Metropolitan Life Ins. Co.* v. *Childs Co.,* 230 N. Y. 285).

Another principle of law urged for denying survival of the New York decree of separation in the wife's favor is the rule of *res judicata* that the last judgment should control. But that principle has no application where the last court has no jurisdiction over the defendant to render the judgment claimed as a bar (see *Estin* v. *Estin, supra*).

That a separation agreement exists and the wife can enforce the same by plenary action should not affect the case. In the first place, it is not clear whether the agreement merged in the New York separation judgment. But assuming it has not, the remedy of plenary suit afforded the wife would be far less effective to protect her and the State. In any event, the controlling principles would be the same in a case where no separation agreement exists.

Accordingly, I think that we should hold the rule of *Estin* v. *Estin* (*supra*) to be applicable in the present situation. Otherwise, we shall have the anomalous result that in a case where the husband resorts to a foreign court and secures a divorce on constructive service against a nonappearing wife (presumably for her fault), an earlier separation decree in the wife's favor providing for her support survives to protect the wife's rights to alimony, whereas in the case of a wife who resorts to a foreign State to secure a divorce in like manner (presumably for the fault of the husband), we deprive her of similar protection and leave her without effective provision for her maintenance. This seems to me not only illogical but too great a penalty to impose on a wife who in the eyes of the law is the innocent spouse and adjudged to have been wronged by the husband. It also involves a likely consequence to the State, which we should avoid, in that the obligation to support may be shifted from the husband to the sovereign in the event that the wife should become a public charge.

I see no distinction with respect to jurisdiction of the Nevada court in the matter of awarding alimony and that of awarding custody of the children. The power of the courts of Nevada to deal with these matters in matrimonial actions is granted under similar statutes (Nevada Compiled Laws, §§ 9462, 9465). The absence of power to adjudicate between the present parties was due to the lack of in personam jurisdiction, which was identical in both instances. In fact, the Nevada decree with respect to custody was different from the New York separation judgment, while it was identical with respect to alimony.

Accordingly, I dissent from that part of the decision in this case which grants the husband's cross motion to vacate the support provisions of the separation decree previously awarded to the wife in this State. I concur in the reversal of the order punishing the husband for contempt. I vote to affirm the order denying the cross motion.

GLENNON, J. P., concurs with COHN, J.; DORE, J., concurs in part, in opinion; CALLAHAN, J., dissents, in part, in opinion in which SHIENTAG, J., concurs.

Order granting the motion to punish the defendant for contempt unanimously reversed and the motion, in all respects, denied. Order denying defendant's motion to annul, vary and modify as of June 10, 1951, the judgment of separation entered herein on March 31, 1947, modified to the extent of eliminating from the said judgment all provisions for the support of the plaintiff Jane H. MacKay and, as so modified, affirmed. Settle order on notice.