CRAIG RICE-BISHOP, Appellant, v. ST. NICHOLAS SPORTS ARENA, INC., Respondent, et al., Defendants.— Order appealed from unanimously reversed and the motion granted only to the extent of dismissing the complaint as against the defendant St. Nicholas Sports Arena, Inc., unless plaintiff appears for examination on the date to be set in order. Settle order on notice. Present — Dore, J. P., Callahan, Bastow, Botein and Bergan, JJ. [See 285 App. Div. 871.]

ANNE FOX, as Committee of the Person and Property of FRANK E. FOX, an Incompetent, Plaintiff, v. CONSOLIDATED EDISON CO. OF NEW YORK, INC., Appellant; EDWARD F. HICKEY, Respondent, et al., Defendants.— Order unanimously reversed and the motion granted. (See *Employers Mut. Liability Ins. Co. of Wis.* v. *Fairchild Press,* 279 App. Div. 895.) Settle order on notice. Present — Dore, J. P., Callahan, Bastow, Botein and Bergan, JJ. [See 285 App. Div. 806.]

ALBERT FLEGENHEIMER, Respondent, v. LEON BERGL et al., Appellants.— Order appealed from unanimously modified so as to strike out Item 20 as irrelevant and to limit Items 13 and 14 to the period of time from March 13, 1951, to January 31, 1954, and, as so modified, affirmed, without costs. The date for the examination to proceed shall be fixed in the order. Settle order on notice. Present — Dore, J. P., Callahan, Bastow, Botein and Bergan, JJ.

In the Matter of PATSY ESAR, Respondent, against BOOKBUYERS LISTS, INC., Appellant.— We find that there was a triable issue as to whether petitioner is a director or a stockholder of the corporation, the books of which were sought to be examined. These issues should be heard by an official referee before the examination of the books is directed. Order unanimously modified so as to send these issues to an official referee and, as so modified, affirmed. Settle order on notice. Present — Dore, J. P., Callahan, Bastow, Botein and Bergan, JJ.

SUSAN GOLDNER, Respondent, v. HANUS GOLDNER, Appellant.— We assume but do not decide that the original New York separation judgment is still entitled to enforcement. (Cf. *MacKay* v. *MacKay,* 279 App. Div. 350.) Such a determination may only be made upon a full disclosure of the facts including proof as to whether the children were subject to the jurisdiction of the Florida court. We view as improvident, however, the order made herein punishing the defendant for contempt when it appears that the New York judgment contained a provision by implication that the children would be available in this State for visitation by the husband. The wife having removed the children from the jurisdiction is not entitled to the extraordinary remedy obtained. Moreover, in view of the fact that the children have been removed to a foreign country for a period of years over the objections of the husband, we think upon the facts here presented that his application for relief from the provisions for the support of the children until they are returned to this jurisdiction, where he may resume his right of visitation, should have been granted to the extent of a temporary suspension of payments. Order unanimously reversed and the application to modify the decree of separation granted, without costs. Settle order on notice. Present — Dore, J. P., Callahan, Bastow, Botein and Bergan, JJ. [See 285 App. Div. 807.]