George Tilzer, J.
On March 19,1958 the plaintiff was granted a judgment of separation by this court on the ground of cruel and inhuman treatment, which was conceded by the defendant, abandonment and desertion. She was awarded $20 per week permanent alimony, custody of the two infant children, and $45 for their maintenance and support. Thereafter, in October of 1958, she instituted a proceeding in Florida for a divorce, in which the defendant was served by publication but did not appear. A final decree was entered on December 23, 1958. It awarded custody of the children to her, but did not award her alimony or support for the children. The divorce was based on defendant’s extreme cruelty.
On this motion defendant moves to modify the judgment of separation with regard to alimony, on the ground that plaintiff is estopped from attacking the validity of the Florida decree; that the decree is entitled to full faith and credit, is valid on its face, and therefore the alimony provisions must be stricken from the judgment of separation. In this respect defendant relies on MacKay v. MacKay (279 App. Div. 350). Defendant also requests a modification of the support provisions for the children because of a change of circumstances which has reduced his earning capacity.
In his original affidavit, defendant avers that his wife was never a bona fide domiciliary of Florida, nor were the children ever in that foreign jurisdiction. In her opposing affidavit the plaintiff asserts that she invoked the jurisdiction of the Florida court with the consent of her husband and that after his non *319 appearance the proceeding was allowed to go to judgment on his promise that he would validate it nunc pro tunc. In his reply papers, defendant states his wife never resided in Florida and she perpetrated a fraud when she so swore in the bill of complaint. He also refers to his pending action in this jurisdiction to declare the Florida judgment null and void.
We are faced with the situation where a wife who has been successful in a separation action in this State and in a divorce action in a foreign State may be deprived of alimony because of the doctrine of estoppel. Had the husband secured the divorce, the court would not be faced with the problem, for since Estin v. Estin (334 U. S. 541, affg. 296 N. Y. 308) the doctrine of “ divisible divorce ” has held that a wife who has obtained a prior separation order with maintenance provisions may enforce these against her husband even though he subsequently obtained an ex parte divorce entitled to recognition.
In the case of MacKay v. MacKay (279 App. Div. 350, supra) the late Justice Cohit, writing for the majority of the court, stated (p. 353): “ Plaintiff, accordingly, is estopped to deny the termination of the marital status, and having sought and obtained a complete severance of the marriage, she is estopped to claim the alimony provisions in her favor under the New York separation decree.” However, there is a distinguishing feature in the MacKay case which is not present here. In the majority opinion the court stated (p. 353): “ The husband has not chosen to challenge the validity of the Nevada decree.” Mr. Justice Dore in his opinion (concurring in part) wrote (p. 356): “ Although defendant, apparently for purposes of strategy in the litigation between him and his wife, has not as yet attacked the Nevada decree, I think it is unnecessary at this time for this court to hold that such decree validly severed the marital relationship.” In the present case the husband has attacked the validity of the Florida divorce and in fact has instituted a collateral proceeding to declare it null and void. If the doctrine of estoppel precludes the wife in this proceeding from asserting her claim for maintenance under the separation decree, then the husband also has either waived his right to assert that doctrine by bringing the proceeding attacking the validity of the Florida divorce decree (cf. Stevens v. Stevens, 248 App. Div. 344, 348, affd. 273 N. Y. 157) or he is likewise estopped to urge the defense of estoppel (cf. Wolff v. Wolff, 134 N. J. Eq. 8). In any event, while the Federal right remains in this nebulous state, this court will not deprive a domiciliary wife of assurance of support
*320 With regard to the second branch of defendant’s motion, he has failed to show sufficient change of circumstances to warrant a modification of the decree, entered a year ago, to justify a reduction of the support provision for the children or to require a hearing on that matter.
Accordingly, the defendant’s motion is in all respects denied.