Thomas C. Chimera, J.
The relief herein sought was the subject of a “First affirmative defense and counterclaim” to an action brought by plaintiff for nonpayment of support for the infant child of the parties. That action was tried by this court recently, the 1 ‘ nonpayment ’ ’ issue still remaining undecided. *392 In an opinion of this court entered, at the foot of that record, the said relief was denied, without prejudice, on the authority of Finlay v. Finlay (240 N. Y. 429) on the ground that the court was without authority to grant same through the medium of an action by one parent against the other.
Defendant thereafter moved at Special Term, Part XII for an order modifying the custody provisions of the decree of separation entered herein on June 26, 1952. This motion was referred to this court by Mr. Justice Baer for the reason that some testimony bearing on that question was adduced at the trial of the action first above mentioned.
The important question raised by this application is: Do the courts of this State have any residual jurisdiction to modify the custody provisions of an original judgment of separation made and entered here prior to a divorce procured in the Mexican courts ?
Defendant relies in the main on Matter of Guyette v. Haley (286 App. Div. 451) and MacKay v. MacKay (279 App. Div. 350), both of which adopt and seek to enlarge upon the principle established in the celebrated case of Estin v. Estin (296 N. Y. 308, affd. 334 U. S. 541) and are not otherwise in point.
Estin (supra) held that while a subsequent divorce decree of a sister State maybe completely effective to dissolve a marriage, it may nevertheless be completely ineffectual to alter certain legal and economic incidents of the marriage.
The doctrine of the Estin case (supra) is applicable only to those situations where the subsequent decree of divorce was obtained in a sister State on constructive service without appearance or answer on the part of the party sued there (Lynn v. Lynn, 302 N. Y. 193).
Although the issue concerned itself only with the question of alimony for the wife, Lynn (supra) must be held to be authority for the proposition that where both parties appear in a matrimonial action brought by one of them in the courts of a sister State, all jurisdiction affecting the matrimonial status and its incidents is exclusive to the courts of the sister State, even though no incidental relief was considered in the judgment or decree of the sister State dissolving the marriage. This, in spite of the fact that the courts of this State had previously granted a judgment of separation and established the “ ground rules ” for custody and support.
We are called upon to rule whether the doctrine of Lynn (supra) must be extended to proceedings seeking modification of separation judgments previously obtained in our courts, followed by divorces procured in foreign countries.
*393 It is true that judgments of foreign countries differ from judgments of courts of our sister States to which, by constitutional mandate, full faith and credit must be given. They must not contravene our public policy. Thus, under comity, as contrasted with full faith and credit, our courts have power to deny even prima facie validity to the judgments of foreign countries for policy reasons, despite whatever allegations of jurisdiction may appear on the face of such foreign judgments (Rosenbaum v. Rosenbaum, 309 N. Y. 371, 375).
In addition to dissolving the marriage, the Mexican court adjudicated the issue of custody and support in the pattern fixed by the parties.
The decree of divorce which plaintiff procured in Mexico with the appearance and consent of defendant is not the worthless “ mail order ” type which afforded the basis for the holding in Vose v. Vose (280 N. Y. 779) and Caldwell v. Caldwell (298 N. Y. 146).
There is no claim of lack of jurisdiction in the Mexican court. Nor is there proof or allegation even that the decree contravenes the public policy of this State. Indeed, the parties studiously avoid casting any shadow on the Mexican decree and under these circumstances “ comity” must enjoy all the incidents of that “full faith and credit” accorded sister States under our Constitution.
Defendant’s remedy, in our judgment, is by similar petition to the Mexican courts or by writ of habeas corpus or petition to the Chancellor in the jurisdiction where the child may be found (Finlay v. Finlay, 240 N. Y. 429, supra).
On the state of this record, this court has lost jurisdiction over the matter and the child and therefore the motion must be denied.