Jacob J. Schwartzwald, J.
Defendant husband moves by order to show cause for an order modifying “ by voiding the payment of alimony or reducing the payment of alimony as provided for therein ” both the judgment of separation entered in this court on October 4, 1956 and the separation agreement subsequent thereto entered into by the parties herein.
The aforesaid judgment of separation directed the payment of $15 per week to plaintiff for her support and maintenance. The separation agreement subsequently entered into by the parties on February 28, 1959 requires defendant to pay the wife $15 weekly for support and maintenance until her death or remarriage. Said agreement provides in paragraph 2 thereof that the husband’s obligation to make such payments to the wife “ shall endure and shall be enforcible independently of the aforementioned judgment of separation, dated October 4, 1956 ”. It is further provided, in paragraph 3 of the agreement, that the terms of the agreement shall not be merged in any subsequent matrimonial judgment or decree notwithstanding their inclusion in such judgment or decree, and ‘ ‘ this agreement shall survive the entry of such judgment or decree, and shall forever be binding upon and be conclusive upon the parties hereto, and shall be enforcible independently of such judgment or decree. ’ ’
In her affidavit submitted in opposition to the instant application plaintiff makes the uncontradicted assertion that on March 7,1959, subsequent to the execution of the separation agreement, she obtained a decree of divorce in Mexico in an action in which she appeared personally and in which defendant appeared by his attorney; that said decree incorporated the terms of the separation agreement hereinabove referred to. The validity of this Mexican divorce is not here put in issue; indeed the defendant states in his supporting affidavit on this motion that he has since remarried and that his present wife is pregnant. Under the circumstances related herein, it appears that the decree of divorce obtained in Mexico would be accepted as valid in our courts. (Leviton v. Leviton, 6 N. Y. S. 2d 535, affd. 254 App. Div. 670; Matter of Fleischer, 192 Misc. 777; Mountain v. Mountain, 109 N. Y. S. 2d 828; Caswell v. Casivell, 111 N. Y. S. 2d 875, affd. 280 App. Div. 969; see Drew v. Hobby, 123 F. Supp. 245.)
As grounds for the relief sought on the instant motion defendant, claiming that he earns approximately $8,300 a year, sets forth in his supporting affidavit the added financial burden *671 resulting from his remarriage in addition to the need for contributing to the support of his mother. Defendant further claims that plaintiff earns sufficient to support herself adequately.
The motion is denied. The decree of divorce, the validity of which, as has hereinabove been noted, is not disputed, supersedes the previous judgment of separation entered in this State (Rosenberg v. Rosenberg, 3 A D 2d 944) and renders it a nullity (Auerbach v. Auerbach, 187 Misc. 993; Ehrenpreis v. Ehrenpreis, 106 N. Y. S. 2d 568). . Defendant’s obligation to comply with the terms of the judgment of separation terminated with the divorce of the parties; hence no application to this court to void or modify the provisions of the judgment of separation directing the payment of alimony is necessary or even proper. As was stated in the Auerbach case (supra, p. 994): “ No modification of a judgment which has become a nullity is needed and an attempt to modify such a judgment would be a futile act. ’ ’
With respect to so much of the motion as seeks a modification of the separation agreement, it is well established that this court is without power to grant such relief. (Johnson v. Johnson, 206 N. Y. 561, 568; Stoddard v. Stoddard, 227 N. Y. 13, 17, 20; Weintraub v. Weintraub, 302 N. Y. 104; Carlson v. Carlson, 269 App. Div. 21; Kunker v. Kunker, 230 App. Div. 641, 643.)