Vincent A. Lupiano, J.
This is a motion to modify a prior separation judgment to provide for increased support for the children of the parties.
The plaintiff husband poses a threshold question of the jurisdiction of the court to grant the requested relief.
In 1953, a judgment of separation was granted in favor of the defendant wife, on her counterclaim in the husband’s action for divorce. Therein the wife was awarded $40 per week for the support of the two infant issue of the marriage, an award which she presently seeks to increase herein. She did not seek alimony for herself in the original action. Thereafter, in July, 1957, the parties executed a separation agreement which contained a provision whereby the husband agreed to pay the wife $40 per week for support of the children, when the children would reside with her.
In August, 1957, a Mexican decree of divorce was obtained by defendant which incorporated said separation agreement. The parties do not question the validity of the foreign decree, nor the jurisdiction of the Mexican court to render said decree.
Plaintiff contends, however, that since the divorce decree dissolved the marriage of the parties there is no matrimonial action in which the wife may incidentally seek the relief prayed for. Therefore, he contends, this court has no jurisdiction over the instant application.
Determination of that question primarily rests on whether the action of the parties in dissolving their marriage by resort to the Mexican court has affected the rights of the children under the separation judgment granted in this State. “ The *216 relief sought may be granted only as an incident to a marital action. * * * The jurisdiction of the Supreme Court to order maintenance and support for children is measured by the provisions of sections 1164,1170 and 1170-a of the Civil Practice Act which restrict it to granting relief as an incident of a marital action before the court ” (Langerman v. Langerman, 303 N. Y. 465, 471).
Divorce granted by sister States to plaintiffs domiciled therein — provided the requirements of procedural due process are met — are entitled to the presumption of validity under the full faith and credit clause of the Federal Constitution. However, no such presumptive validity is accorded to Mexican divorces, which, of course, are beyond the scope of the full faith and credit clause of the Federal Constitution. Under comity, as contrasted with full faith and credit, the New York State courts have power “ to deny even prima facie validity to the judgments of foreign countries for policy reasons, despite whatever allegations of jurisdiction may appear on the face of such foreign judgments ” (Rosenbaum v. Rosenbaum, 309 N. Y. 371, 375).
Aptly, in McKay v. McKay (279 App. Div. 350 [1st Dept.]), the court held that the Nevada divorce rendered in favor of the wife — the validity of which the husband had not chosen to challenge— did not affect the provisions for the support of the children embodied in the New York separation decree. These survived. (See, also, Michell v. Michell, 276 App. Div. 1090; Feuer v. Feuer, 17 Misc 2d 318; Goldner v. Goldner, 284 App. Div. 961.)
Additionally, even under the language of the Mexican decree this court was not stripped of jurisdiction with respect to the children. The foreign court made no direct provision for the support of the children, but referred to the separation agreement which it “ approved and incorporated by reference to this decree, and will continue on its full legal effects.”
The rights of the children survive for “ it is now familiar law that a divorce decree may be completely effective to dissolve a marriage and yet completely ineffectual to alter certain legal and economic incidents of that marriage ’ ’ (Lynn v. Lynn, 302 N. Y. 193, 200-201).
Accordingly, the court has jurisdiction of the matter herein.
Reference is made in plaintiff’s brief, although none appears in the affidavit, with respect to a Domestic Relations Court proceeding. That matter, even if properly to be considered, cannot affect this proceeding (Caldwell v. Caldwell, 298 N. Y. 146, 148; Loomis v. Loomis, 288 N. Y. 222).
*217 Defendant has shown a change of circumstances which requires inquiry. The motion is granted to the extent of referring this matter as to the parties’ financial conditions to Hon. Edgar J. Nathan, Jr., Official Referee, to hear and report with his recommendations. Pending receipt of the Referee’s report, final disposition of the matter will be held in abeyance.