EUGENE J. BENEDUCE, Respondent, *v.* HELEN F. BENEDUCE, Appellant.

First Department, February 21, 1963.

*Leo E. Falkin* of counsel (*Seligson & Falkin,* attorneys), for appellant.

*Donald A. Gerson* for respondent.

*Per Curiam.* Defendant wife appeals from an order denying her motion for summary judgment in an action by her husband to rescind and enjoin the enforcement of a separation agreement.

Subsequent to the execution of the agreement the wife obtained a Mexican divorce in which her husband appeared.

The separation agreement was incorporated in the final divorce decree by reference but did not merge therein.

Thereafter, when the plaintiff husband failed to make alimony payments pursuant to the terms of the separation agreement, the wife obtained a judgment for arrears in the Municipal Court.

Plaintiff in this action seeks to declare invalid the separation agreement of November 16, 1960, and to enjoin its enforcement. He asks that the agreement be cancelled and the defendant enjoined from enforcing the Municipal Court judgment.

The judgment obtained in the Municipal Court, based as it was on rights declared in and established by the agreement, necessarily upheld the validity of the agreement. Accordingly, it is *res judicata* as to any contention raised by the plaintiff husband in this action that such separation agreement is illegal and void in that it was made to induce the wife to obtain a divorce. Nor does the fact that the plaintiff did not plead such a defense in the Municipal Court alter this result.

Any issue which was litigated or could have been litigated in a previous action is barred by reason of *res judicata* from being raised in any subsequent action. "It is not necessary to the conclusiveness of a former judgment that issue should have been taken upon the precise point controverted in the second action. Whatever is necessarily implied in the former decision, is for the purpose of the estoppel deemed to have been actually decided." (*Pray* v. *Hegeman,* 98 N. Y. 351, 358, cited in *Statter* v. *Statter,* 2 N Y 2d 668, 672.) "The essence of *res judicata* is the fact that a court has already been presented with the subject sought to be litigated and has rendered a judicial determination thereon. The question of what evidence has been actually produced is immaterial." (*Statter* v. *Statter, supra,* p. 673; *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.,* 250 N. Y. 304, 306–307.)

Unless the agreement were held valid defendant could not have recovered in the Municipal Court action. That is the primary fact which had to be established. Plaintiff should not now be permitted to litigate again that which could and should have been previously litigated.

Since the plaintiff attacks the separation agreement, and not the divorce decree, it is unnecessary to pass upon the question as to whether he is estopped from attacking such decree because of his appearance therein, or whether comity requires its recognition. (However, see, *Rosenbaum* v. *Rosenbaum,* 309 N. Y. 371; *Alfaro* v. *Alfaro,* 5 A D 2d 770, affd. 7 N Y 2d 949; *Heine* v. *Heine,* 10 A D 2d 864, as amd. 10 A D 2d 967; *Laff* v. *Laff,* 5 Misc 2d 554, affd. 4 A D 2d 874; *Baylek* v. *Baylek,* 25 Misc 2d 391; *Millman* v *Millman,* 27 Misc 2d 669.)

The order appealed from should be reversed on the law and the motion to dismiss granted, with costs.

BOTEIN, P. J., BREITEL, VALENTE, McNALLY and STEVENS, JJ., concur.

Order, so far as appealed from, entered on May 31, 1962, unanimously reversed, on the law, with $20 costs and disbursements to the appellant, and the motion to dismiss the complaint granted, with $10 costs.