■ JOYCE SCHALK, Respondent, v. KENNETH W. SCHALK, Appellant.— Order unanimously reversed, plaintiff's motion denied, and matter remitted to Erie Special Term for further proceedings in accordance with the Memorandum. Memorandum: The divorce decree, entered in Erie County where both parties then resided, awarded custody of two minor children to plaintiff (wife), granted defendant reasonable visitation and required him to pay $40 per week for the support of the children. Thereafter plaintiff, without having obtained any modification of the decree, deprived defendant of his rights of visitation by taking the children to the State of Georgia and continuously residing there with her present husband. On January 1, 1966, defendant, without obtaining any modification of the decree, reduced payment to plaintiff for support of the children from $40 per week to $20 per week. On March 15, 1966 plaintiff moved for an order to punish defendant for contempt of court because of his failure to make the payments required by the decree and defendant cross moved for an order modifying the support provision of the decree, alleging that plaintiff is gainfully employed and that his earnings are substantially reduced. Special Term, without a hearing and without finding that payment could not be enforced by means of the sequestration of his property, granted the order appealed from adjudging defendant in contempt and denying his motion to modify the decree. The order should be reversed. Section 245 of the Domestic Relations Law does not permit enforcement of a divorce judgment by contempt proceedings unless it appears presumptively to the satisfaction of the court, that the payment cannot be enforced by means of the sequestration of his property. (*Spargo* v. *Spargo,* 25 A D 2d 612.) Here there was neither a factual showing that the judgment could not be so enforced nor a finding to that effect. Moreover, plaintiff having removed the children from the jurisdiction of the court and having thereby deprived defendant of the right of visitation granted to him by the decree, she is not entitled to the extraordinary remedy obtained. (*Goldner* v. *Goldner,* 284 App. Div. 961, aff'd. 309 N. Y. 675.) The court should not have determined defendant's motion to amend the support provision of the decree on the conflicting affidavits

presented. We therefore remit the matter to Special Term for the taking of such proof as the parties may adduce as to their respective financial circumstances and other material factors and determination in accordance therewith. Because of the change of circumstances the provisions of the decree relating to visitation have become unworkable and either party should be permitted to move to modify the decree in that respect if he or she be so advised. (Appeal from order of Erie Special Term granting motion to hold defendant in contempt.) Present — Williams, P. J., Bastow, Goldman, Henry and Marsh, JJ.