■ ROSLYN KLARISH, Respondent-Appellant, v. ARTHUR C. KLARISH, Appellant-Respondent.— Judgment unanimously modified, on the law and the facts, to the extent of (a) dismissing the third cause of action in Action No. 1 and the first cause of action in Action No. 2, and eliminating from the first decretal paragraph inadequacy of support as one of the grounds of separation, (b) deleting subdivision 10 of the fifth decretal paragraph, (c) reducing to $2,500 the sum directed by the sixth decretal paragraph to be paid for counsel fees, (d) deleting the seventh decretal paragraph, and (e) eliminating from the award of costs in the tenth decretal paragraph the cost of the transcript of the first trial; and judgment, as so modified, is affirmed, without costs or disbursements. The two causes of action directed to be dismissed are premised on allegations of inadequacy of support. In our opinion the evidence is insufficient to sustain the allegations. Subdivision 10 of the fifth decretal paragraph conditions payment of child support on defendant's free and unrestricted exercise of the right of visitation directed by the judgment. Such a provision bears the seed of possible prejudice to the interests of the child. If defendant should find that his visitation privileges are not being respected, his remedy is an application to the court (see *Goldner* v. *Goldner,* 284 App. Div. 961, affd. 309 N. Y. 675; cf. *Leifer* v. *Leifer,* 2 A D 2d 898; *Sterns* v. *Stevans,* 11 A D 2d 726; *Abraham* v. *Abraham,* 28 A D 2d 864). Considering plaintiff's means and the other circumstances of the case, we think it appropriate that the amount of the counsel fee payable by defendant be reduced; and it seems to us inequitable to charge him with the cost of the minutes of the uncompleted trial. Concur — Botein, P. J., Stevens, Steuer, Tilzer and McNally, JJ.