ANNE ROTH, Plaintiff and Appellant, *v.* EMERY ROTH, Defendant and Appellee.

No. O-69-223.     Decided April 15, 1970.

*Olga Cruz Jiménez* for appellant. *Rubén O. Figueroa* and *Américo B. Badillo* for appellee.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

In October 1959, the Supreme Court of New York State, New York County, rendered judgment decreeing the separation of the spouses Emery Roth and Anne G. Roth, and ordering the former to pay alimony to the latter.

On March 12, 1963, Anne G. Roth filed a complaint before the Superior Court of Puerto Rico, San Juan Part, against Emery Roth for the recovery of the sum of $12,375 for alimony in arrears owed by the latter in accordance with the judgment rendered by the Supreme Court of New York in 1959. By stipulation of the parties the Superior Court of Puerto Rico rendered judgment ordering defendant to pay to plaintiff the sum of $4,000, as total payment and satisfaction of all the claims for alimony in arrears which defendant owed since the date when the judgment of the Supreme Court of New York, New York County, was rendered until the day of the stipulation, July 9, 1963.[1] This judgment was satisfied by defendant Emery Roth.

In June 1963, Emery Roth presented an action for divorce against Anne Geller Roth before the Superior Court of Puerto

---

[1] Plaintiff reserved the right to collect the allowances which would fall due from July 9, 1963 onwards.

Rico, San Juan Part. Defendant was personally summoned in New York City. She did not answer, her default was entered and on August 30, 1963 the Superior Court of Puerto Rico, after receiving the evidence offered by plaintiff rendered judgment decreeing the divorce between the parties. This judgment did not provide for alimony for defendant, nor did the latter present any action for the courts of Puerto Rico to order plaintiff to pay her alimony.

In February 1967, Anne Roth filed a complaint before the Superior Court of Puerto Rico, San Juan Part, against Emery Roth for the recovery of a judgment of $12,099.07 rendered against the latter by the Supreme Court of the State of New York on December 12, 1966.

Defendant answered and after the proper trial was held, the Superior Court rendered judgment dismissing the complaint. The trial court decided (1) that the decree, resolution or order entered by the Supreme Court of New York on December 12, 1966 does not constitute a judgment worthy of full faith and credit, and (2) that the parties had litigated the same matter in two lawsuits in Puerto Rican courts, the case for the recovery of allowances in arrears concluding by virtue of judgment by compromise.

Since the judgment rendered in 1959 by the Supreme Court of New York ordered defendant Roth to pay the weekly sum of $75 to plaintiff from September 1, 1961 forwards, a simple arithmetical calculation shows that the sum of $12,099.07 adjudged by the decree of said Court recorded on December 12, 1966, covered the alimony in arrears since July 1963 until the date of the aforementioned decree.

■ Contrary to the decision of the Superior Court, the decree issued by the Supreme Court of New York on December, 12, 1966, has the character of a final judgment and as such deserves full faith and credit in Puerto Rico. *Lichtig* v. *Lichtig*, 81 P.R.R. 716 (1960).

■ The record does not show that the judgment in question suffers from jurisdictional defects as to the parties and the subject matter leading to its absolute nullity. The court of New York retained its jurisdiction to issue the decree ordering defendant to pay the unsatisfied alimony to plaintiff. 14 McKinney's, Consolidated Laws of New York Annotated, §§ 236 and 244.

■ Now then, in New York it has been decided that a final decree of divorce, foreign or domestic, issued by a court having jurisdiction over both parties substitutes the provisions of alimony of a prior separation decree. *Estin* v. *Estin*, 296 N.Y. 308, *affirmed* in 334 U.S. 541; *Kreiger* v. *Kreiger*, 297 N.Y. 530, *affirmed* in 334 U.S. 555; *Rosenberg* v. *Rosenberg*, 163 N.Y.S.2d 434; *Miltman* v. *Miltman*, 207 N.Y.S.2d 159; *Lynn* v. *Lynn*, 302 N.Y. 193, *cert. denied*, 342 U.S. 849; *Scheinwald* v. *Scheinwald*, 246 N.Y.S. 33; *Marshall* v. *Marshall*, 113 N.Y.S.2d 602; *Sacknoff* v. *Sacknoff*, 115 N.Y.S.2d 414; *Verbeck* v. *Verbeck*, 65 N.Y.S.2d 265. See Annotation in 28 A.L.R.2d 1346.

■ In *Estin* v. *Estin*, 334 U.S. 541, 92 L.Ed. 1561, partially varying the doctrine established in the above-cited cases, it was held that when in a divorce action raised before a foreign or domestic court, defendant had been notified by constructive service, although the divorce decree was recognized as valid, the same did not substitute the alimony provisions of the New York separation decree.

■■ Despite the fact that defendant had been summoned, he failed to appear before the Supreme Court of New York, in the incident which gave rise to the judgment, for alimony in arrears which the complaint seeks to recover now in the courts of Puerto Rico. He had the opportunity to set up, as a defense in the New York court, the divorce decree issued by the Superior Court of Puerto Rico, but he did not do that, and since said divorce decree was entered he could also

request from the Supreme Court of New York to release him from the effects of the separation decree insofar as the alimony is concerned. *MacKay* v. *MacKay*, 110 N.Y.S.2d 82.

Now he is precluded from claiming inconsistency between the New York separation decree and alimony and the divorce decree of Puerto Rico. *MacKay* v. *MacKay, supra*. His attack in our courts to the alimony judgment rendered by the New York Court constitutes a collateral attack against said judgment which is prohibited by the case-law doctrine. *Rodríguez* v. *Albizu*, 76 P.R.R. 590 (1954) ; 49 C.J.S. § 409 *et seq.;* 46 Am.Jur.2d § 621 *et seq.*, p. 781.

The judgment rendered by the Supreme Court of New York being worthy of full faith and credit, the judgment rendered by the Superior Court, San Juan Part, will be reversed, and the case will be remanded for further proceedings.

Mr. Chief Justice Negrón Fernández did not participate herein.