ANNE ROTH, demandante y apelante, *v.* EMERY ROTH, demandado y apelado.

*Número:* O-69-223       *Resuelto:* 15 de abril de 1970

*Olga Cruz Jiménez,* abogada del apelante; *Rubén O. Figueroa* y *Américo B. Badillo,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

En octubre de 1959, el Tribunal Supremo del Estado de Nueva York, Condado de Nueva York, dictó sentencia decretando la separación de los esposos Emery Roth y Anne G. Roth, y condenando al primero a pagar a la segunda una pensión alimenticia.

En marzo 12 de 1963, Anne G. Roth interpuso demanda ante el Tribunal Superior de Puerto Rico, Sala de San Juan, contra Emery Roth en cobro de la suma de $12,375 que éste adeudaba en concepto de pensiones alimenticias atrasadas de conformidad con la sentencia dictada por el Tribunal Supremo de Nueva York en el año 1959. Por estipulación de las partes el Tribunal Superior de Puerto Rico dictó sentencia condenando al demandado a pagar a la demandante la suma de $4,000.00, como pago total y satisfacción de todas las reclamaciones por concepto de pensiones alimenticias atrasadas que el demandado adeudaba desde la fecha de la sentencia del Tribunal Supremo de Nueva York, Condado de Nueva York, hasta el día de la estipulación, julio 9 de 1963. [1] Esta sentencia fue satisfecha por el demandado Emery Roth.

En junio de 1963, Emery Roth dedujo acción de divorcio contra Anne Geller de Roth ante el Tribunal Superior de Puerto Rico, Sala de San Juan. La demandada fue emplazada personalmente en la ciudad de Nueva York. No contestó, se le anotó la rebeldía y en 30 de agosto de 1963 el Tribunal Superior de Puerto Rico, luego de recibir la prueba ofrecida por el demandante dictó sentencia decretando el divorcio entre las partes. En esta sentencia nada se dispuso en cuanto a pensiones alimenticias para la demandada, ni ésta dedujo acción alguna para que los Tribunales de Puerto Rico, condenaran al demandante a pasarle alimentos.

En febrero de 1967, Anne Roth instó demanda ante el Tribunal Superior de Puerto Rico, Sala de San Juan, contra

---

[1] La demandante se reservó el derecho de cobrar las pensiones que fueran venciendo desde julio 9 de 1963 en adelante.

Emery Roth en cobro de una sentencia de $12,099.07 dictada contra éste por la Corte Suprema del Estado de Nueva York en diciembre 12 de 1966.

Contestó el demandado y luego de celebrarse el correspondiente juicio, el Tribunal Superior dictó sentencia declarando sin lugar la demanda. Resolvió el tribunal de instancia (1) que el decreto, resolución u orden de 12 de diciembre de 1966 emitido por la Corte Suprema Nueva York no constituye una sentencia que merezca entera fe y crédito, y (2) que las partes habían litigado la misma materia en el foro puertorriqueño en dos pleitos, terminando el caso en cobro de las pensiones atrasadas, en virtud de sentencia por transacción.

Como la sentencia dictada por la Corte Suprema de Nueva York en 1959, imponía al demandado Roth la obligación de pasar a la demandante la suma de $75.00 semanales, desde septiembre primero de 1961 en adelante, un simple cálculo aritmético demuestra que la suma de $12,099.07 adjudicada por el decreto de dicha Corte registrado en diciembre 12 de 1966, cubría las pensiones alimenticias atrasadas desde julio de 1963 y hasta la fecha del mencionado decreto.

■ Contrario a lo que resolvió el Tribunal Superior, el decreto emitido por la Corte Suprema de Nueva York en 12 de diciembre de 1966, tiene el carácter de una sentencia final y como tal merece pleno reconocimiento y validez en Puerto Rico. *Lichtig* v. *Lichtig*, 81 D.P.R. 737 (1960).

■ No surge del récord que la ameritada sentencia adolezca de vicios de jurisdicción en cuanto a las partes y la materia, que produzca su nulidad absoluta. El tribunal de Nueva York conservaba su jurisdicción para dictar el decreto condenando al demandado a pagar a la demandada, el pago de las pensiones insatisfechas. 14 McKinney's, *Consolidated Laws of New York Annotated*, §§ 236 y 244.

■ Ahora bien, en Nueva York se ha resuelto que una sentencia final de divorcio, extranjero o doméstico, dictada por

una corte con jurisdicción sobre ambas partes sustituye las disposiciones sobre pensiones alimenticias de una sentencia anterior sobre separación. *Estin* v. *Estin*, 296 N.Y. 308, confirmado en 334 U.S. 541; *Kreiger* v. *Kreiger*, 297 N.Y. 530, confirmado en 334 U.S. 555; *Rosenberg* v. *Rosenberg*, 163 N.Y.S.2d 434; *Miltman* v. *Miltman*, 207 N.Y.S.2d 159; *Lynn* v. *Lynn*, 302 N.Y. 193, *cert. den.* 342 U.S. 849; *Scheinwald* v. *Scheinwald*, 246 N.Y.S. 33; Marshall v. Marshall, 113 N. Y.S.2d 602; *Sacknoff* v. *Sacknoff*, 115 N.Y.S.2d 414; *Verbeck* v. *Verbeck* 65 N.Y.S.2d 265. Véase Anotación en 28 A.L.R.2d 1346.

En *Estin* v. *Estin*, 334 U.S. 541, 92 L.Ed. 1561, se resolvió, variándose parcialmente la doctrina sentada en los casos citados anteriormente, que cuando en la acción de divorcio tramitada ante una corte extranjera o doméstica, se había emplazado constructivamente a la demandada, aunque se reconocía la validez de la sentencia de divorcio, la misma no sustituía las disposiciones alimenticias contenidas en una sentencia de separación dictada por los tribunales de Nueva York.

A pesar de haber sido citado el demandado dejó de comparecer ante el Tribunal Supremo de Nueva York, en el incidente que dio lugar a la sentencia, por pensiones alimenticias atrasadas que la demanda intenta ahora cobrar en los tribunales de justicia de Puerto Rico. Tuvo la oportunidad de interponer como defensa en la corte de Nueva York, la sentencia de divorcio dictada por el Tribunal Superior de Puerto Rico, pero no lo hizo, y pudo además desde que se dictó dicha sentencia de divorcio, solicitar de la Corte Suprema de Nueva York que le relevara de los efectos de la sentencia de separación en lo que respecta a las pensiones alimenticias. *MacKay* v. *MacKay*, 110 N.Y.S.2d 82.

Ahora está impedido de alegar inconsistencia entre la sentencia de separación y alimenticia de Nueva York y la sen-

30

tencia de divorcio de Puerto Rico. *MacKay* v. *MacKay*, supra. Su ataque en nuestros tribunales a la sentencia de alimentos dictada por la Corte de Nueva York, constituye un ataque colateral a dicha sentencia prohibido por la doctrina jurisprudencial. *Rodríguez* v. *Albizu*, 76 D.P.R. 631 (1954); 49 C.J.S. § 409 y siguientes; 46 Am. Jur. 2d § 621 y siguientes, pág. 781.

*Siendo la sentencia dictada por la Corte Suprema de Nueva York merecedora de pleno reconocimiento y validez, se revocará la dictada por el Tribunal Superior, Sala de San Juan, y se devolverá el caso para ulteriores procedimientos.*

El Juez Presidente Señor Negrón Fernández, no intervino.